KLEIN LAW GROUP LLLC

ROBERT G. KLEIN      #1192-0
KURT W. KLEIN       #10357-0
DAVID A. ROBYAK     #10321-0
Waterfront Plaza #3-480
500 Ala Moana Boulevard
Honolulu, Hawaiʻi  96813
Telephone: (808) 591-8822
Email:      rgk@kleinlg.com
            kwk@kleinlg.com
            dar@kleinlg.com

Attorneys for Plaintiff
GAURAV THAKRAL, M.D.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GAURAV THAKRAL, M.D., | CIVIL NO. 19-00563 DKW-RT |
| Plaintiff, | PLAINTIFF GAURAV THAKRAL, M.D.'S **MEMORANDUM IN** |
| vs. | **OPPOSITION** TO DEFENDANTS HAWAIʻI RESIDENCY |
| HAWAIʻI RESIDENCY PROGRAMS, INC.; DAVID LASSNER, in his official capacity as President of UNIVERSITY OF HAWAIʻI; and UNIVERSITY OF HAWAIʻI, | PROGRAMS, INC., DAVID LASSNER, AND UNIVERSITY OF HAWAIʻI'S **MOTION TO PARTIALLY DISMISS AND TO STAY COMPLAINT** FILED ON OCTOBER 18, 2019 [ECF NO. 1]; DECLARATION OF ROBERT G. |
| Defendants. | KLEIN; EXHIBITS "1" – "15"; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE |
| | *Relates to Dkt. No. 12* |
| | *[Caption Continued on Next Page]* |

|  | ) | **HEARING:** |
|---|---|---|
|  | ) | Date: February 21, 2020 |
|  | ) | Time: 9:30 a.m. |
|  | ) | Judge: Derrick K. Watson |
|  | ) |  |
|  | ) | No Trial Date Set. |

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]*

# TABLE OF CONTENTS

Page(s)

I.      **INTRODUCTION** ........................................................................... 1

II.     **STATEMENT OF PERTINENT FACTS**..................................... 1

        A. Superficially Related Federal and State Proceedings .................. 1

        B. Exhaustion of Administrative Remedies...................................... 6

III.    **LEGAL STANDARD**...................................................................... 9

IV.     **DISCUSSION**................................................................................ 10

        A. Defendant Lassner is Properly Before the Court, Contrary to
           Defendants' Obvious Mischaracterization of the Law ................ 10

        B. Thakral's Claims Against HRPI Are Timely............................... 12

        C. The Instant Lawsuit Should Not Be Stayed ................................ 15

V.      **CONCLUSION**.............................................................................. 22

# TABLE OF AUTHORITIES

Page(s)

**Cases**

471 F.3d 1033, 1036 (9th Cir. 2006) ........................................................................10

*Allende-Rodriguez v. Ashford Presbyterian Cmty. Hosp.*, 325 F. Supp. 2d 2 (D.P.R. 2004) ...............................................................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................10

*Brillhart v. Excess Ins. Co. of America*,
  316 U.S. 491 (1942)......................................................................................16

*Brown v. JPMorgan Chase Bank, N.A.*..................................................................15

*Colo. River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)......................................................................................18

*Colo. River Water Conservation Dist.*,
  424 U.S. at 806 ............................................................................................18

*Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)..............................17

*Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)..........................................................................................18

*Hyun Ju Park v. City & Cty. of Honolulu*, 292 F. Supp. 3d 1080 (D. Haw. 2018).12

*Kwai Fun Wong v. Beebe*,
  732 F.3d 1030 (9th Cir. 2013).......................................................................15

*Miranda B. v. Kitzhaber*,
  328 F.3d 1181 (9th Cir. 2003) ........................................................................5

*Moses H. Cone Mem'l*................................................................................................18

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ..........................................................................9

ii

*Pele Def. Fund v. Paty*,
    73 Haw. 578, 837 P.2d 1247 (1992)..............................................................11

*Ricasa v. State of Haw. Dep't of Human Servs.*,
    No. 18-00033 HG-WRP, 2019 U.S. Dist. LEXIS 177608, at \*21 (D. Haw.
    Oct. 11, 2019) ..............................................................................................11

*Steinle v. City and Cty. of S.F.*, 919 F.3d 1154 (9th Cir. 2019)...............................10

*Walsh v. Nev. Dep't of Human Res.*........................................................................10

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)......................................................................................17

*Winegarner v. Hartz*,
    2018 U.S. Dist. LEXIS 19344, at \*9 (N.D. Tex. Jan. 16, 2018)...................17

## <u>Statutes</u>

29 U.S.C. § 794a ....................................................................................................16

42 U.S.C. § 12203 ..................................................................................................16

42 U.S.C. § 2000e-5(f)...........................................................................................16

42 U.S.C. §§ 12111 ................................................................................................16

42 U.S.C. §§ 12132-12133 ....................................................................................16

43 U.S.C. § 666......................................................................................................19

## <u>Other Authorities</u>

*Declaratory Judgment*, BLACK'S LAW DICTIONARY (8th ed. 2007)........................16

**PLAINTIFF GAURAV THAKRAL, M.D.'S
MEMORANDUM IN OPPOSITION TO DEFENDANTS
HAWAI'I RESIDENCY PROGRAMS, INC., DAVID LASSNER,
AND UNIVERSITY OF HAWAI'I'S MOTION TO PARTIALLY DISMISS
AND TO STAY COMPLAINT FILED ON OCTOBER 18, 2019 [ECF NO. 1]**

## I. INTRODUCTION

Gaurav Thakral, M.D. ("Plaintiff" or "Dr. Thakral") respectfully submits

this memorandum in opposition to Defendants HAWAI'I RESIDENCY

PROGRAMS, INC. ("HRPI"), DAVID LASSNER ("President Lassner"), and

UNIVERSITY OF HAWAI'I's ("UH") Motion to Partially Dismiss And To Stay

Complaint Filed on October 18, 2019 ("Motion"). Overall, and as discussed in

detail below, Defendants' Motion is premised on an inaccurate interpretation of the

legal authorities cited in their memorandum of law and a Janus-faced perspective

on the relationship between this case and a case pending in Hawai'i State Court—a

perspective that Defendants appear to believe allows them to have their cake and

eat it too.

## II. STATEMENT OF PERTINENT FACTS

### A. Superficially Related Federal and State Proceedings

Dr. Thakral has two lawsuits pending against UH and HRPI.[1] The first

lawsuit, before the Honorable James H. Ashford in Hawai'i First Circuit Court,

---

[1] For clarity, party names are frequently used in place of "Plaintiff" or "Defendant" because three separate proceedings involving nearly identical parties are discussed herein.

was filed on January 29, 2018 and amended on March 6, 2018 ("Due Process Case")[2]. Klein Decl. ¶4, Exh. "1." The second lawsuit—this action—was filed on October 18, 2019 ("ADA Case"), and in addition to UH and HRPI, names President Lassner a party Defendant *only* in his official capacity as President of the University of Hawaiʻi. Doc. 1 at ¶14. President Lassner is *not* a Defendant in the Due Process Case. *See* Exh. "1." The same attorneys represent the Plaintiff and the Defendants in the Due Process and ADA Cases and also so represented the parties before the U.S. Equal Employment Opportunity Commission ("EEOC") in the administrative proceeding precedential to filing the ADA Case. Klein Decl. ¶5-6. Although the Due Process Case and ADA Case involve some common facts, the applicable substantive law, the counts alleged, and the relief sought in each are distinct.

The Due Process Case alleges three extant counts: violation of procedural due process, breach of contract, and declaratory relief (for the alleged due process violations).[3] Exh. "1" at ¶¶37-62. The core of the Due Process Case is the UH/HRPI Grievance Policy ("Grievance Policy") under which Dr. Thakral was

---

[2] *Gaurav Thakral M.D. v. Hawaiʻi Residency Programs, Inc., et al.*, Civil No. 18-1-0144-01.

[3] A fourth count, for Injunctive Relief to stop a grievance proceeding at the heart of the alleged due process violations, became moot and was disposed on summary judgement.

2

wrongfully terminated from his position in the pathology medical residency program ("Program") at the UH John A. Burns School of Medicine ("JABSOM"). *Id.* at ¶¶37-52. In the Due Process Case, Dr. Thakral asserts the Grievance Policy violated his procedural due process rights under the Hawai'i Constitution[4] (*Id.* at ¶¶61-2) and that policies and practices of UH and HRPI, and acts and omissions of their officers, employees, and agents, violated his right to a fair grievance hearing under his medical residency employment agreement ("Contract"). *Id.* at ¶¶55-8, 60. The Contract incorporates the Grievance Policy and other policies (Klein Decl. ¶7, Exh. "2" at ¶8, p.7) such that most alleged due process violations are also effectively Contract violations.[5]

In the Due Process Case, Dr. Thakral seeks a declaration that the Grievance Policy is constitutionally infirm, as well as money damages for the violations of his due process and contractual rights. Exh. "1" at 10-11. The Due Process case was brought in Hawai'i state court and seeks remedies under Hawai'i state law. *See*

---

[4] The Complaint filed in the Due Process case includes seventeen substantive paragraphs under "Count I (Violation of Procedural Due Process)." The terms "grievance" and/or "grievance policy" appear at least once in virtually all of them. Only one paragraph, ¶41, relates to alleged violation of the ADA.

[5] Among other acts, omissions, and infirmities, Dr. Thakral cites the lack of a neutral chairperson for the grievance committee; the likelihood the chairperson would be called to testify at the grievance hearing; the chairperson's actual or apparent conflict of interest; and denial of access to records necessary for Dr. Thakral to prepare for the hearing.

Exh. "1." Dr. Thakral does **not** allege counts against UH and HRPI for violations of the Americans with Disabilities Act ("ADA") in the Due Process Case. *Id.* Allegations therein that relate to violations of the ADA are evidentiary and made only to support Dr. Thakral's separate, state-law claims that officers and agents of UH and HRPI prejudged his grievance case, employed fatally flawed policy and process, and illegally terminated him under pretext. Exh. "1" at ¶¶17-20, 26-9, 41. Moreover, such allegations constitute only a minor portion of facts and deprivations alleged in the Due Process Case in support of Dr. Thakral's claims of constitutional and contractual violations.[6] *Id.* at ¶¶6-65.

The ADA Case by contrast alleges three counts under federal statutes for violations of Titles I, II, and V of the ADA (Doc. 1 at ¶¶91-114), claims over which this Court enjoys original jurisdiction. *See* 28 U.S.C. § 1331. The entirety of the ADA Case is Defendants' illegal failure to reasonably accommodate, and illegal discrimination and retaliation against, Dr. Thakral despite and because of his validly diagnosed disabilities. Doc. 1 at ¶¶91-114. Where the pertinent facts alleged in the Due Process Case largely concern violations of the Contract and the Hawai'i Constitution, the facts asserted in the ADA Case relate almost completely

---

[6] Of the **sixty (60)** numbered paragraphs in the Due Process Case Complaint **not** pertaining to identification of Parties or demonstration of proper Jurisdiction and Venue, only **nine (9)** paragraphs allege facts directly related to ADA violations.

4

to disability diagnoses, Dr. Thakral's status as a qualified individual under the ADA, UH and HRPI policies with regard to the ADA, reasonably requested and improperly denied accommodations, and pretextual acts and omissions in violation of the ADA.  Doc. 1 at ¶¶29-34, 50-81, 84-90.

President Lassner is necessarily named a party Defendant in the ADA Case because state sovereign immunity under the Eleventh Amendment to the U.S. CONSTITUTION generally precludes lawsuits for money damages against states and state entities, whereas prospective declaratory and injunctive relief is permitted against state officers to correct ongoing violations of law.[7]  *See infra* Part IV.A. Nowhere in the ADA Case does Dr. Thakral seek money damages from President Lassner, whether individually or in his official capacity.  *See* Doc. 1.  Indeed, for each count enumerated in the ADA Case, Dr. Thakral clearly describes the relief separately sought from UH, HRPI, and President Lassner, so as to avoid any Eleventh Amendment issues.  Doc. 1 at ¶¶98-9, 107, 113-14.

---

[7] Among the causes of action created in the ADA, only for lawsuits brought under Title II has Congress abrogated state sovereign immunity from monetary damages.  42 U.S.C. § 12202; *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1184-85 (9th Cir. 2003).  Dr. Thakral's well established right to seek declaratory and injunctive relief against President Lassner is based on *Ex Parte Young*, 209 U.S. 123 (1908) and its progeny.

## B. **Exhaustion of Administrative Remedies**

Prior to filing the ADA Case, counsel for Dr. Thakral satisfied, or reasonably believed they had satisfied, all conditions precedent, including exhaustion of administrative remedies. Doc. 1 at ¶¶19-28. Dr. Thakral timely filed a single, formal complaint with the Equal Employment Opportunity Commission ("EEOC") on November 28, 2018 ("EEOC Complaint"), naming UH *and* HRPI as Respondents. Klein Decl. ¶8, Exh. "3." On March 8, 2019, UH *and* HRPI filed a single Position Statement in answer to the EEOC Complaint ("Position Statement"). Klein Decl. ¶9, Exh. "4." Dr. Thakral in turn timely filed a single Reply to Respondents' Position Statement on April 25, 2019 ("Reply"). Klein Decl. ¶10, Exh. "5."

From the filing of the Due Process Case, Dr. Thakral has contended that HRPI is an agent, extension, and symbiont of UH JABSOM and the State of Hawai'i. Exh. "1" at ¶¶6-36, 38. Dr. Thakral expressly maintained that contention in his EEOC Complaint and Reply and filed a single EEOC Complaint and single Reply based in part on that contention. Exh. "3" at 2; Exh. "5" at 2-3. Respondents UH and HRPI also appear to have considered UH and HRPI entangled (at least with regard to Dr. Thakral's EEOC Complaint) when their counsel filed a single Position Statement for two Respondents. *See* Exh. "4". The symbiotic relationship of UH and HRPI is manifest in numerous facts, events, and

occurrences underlying the Due Process Case, the EEOC Complaint, and the ADA Case. *See, e.g.*, Doc. 1 at ¶¶ 35-49.

Neither counsel for Dr. Thakral nor counsel for Respondents UH and HRPI appear to have realized (at least initially) that the EEOC had assigned subtly different charge numbers, one digit apart, to Respondent UH and Respondent HRPI. UH and HRPI's Position Statement and Dr. Thakral's Reply both style the EEOC case as Dr. Thakral *versus* HRPI *and* UH. *See* Exhs. "4" and "5." The Position Statement filed by UH and HRPI references *only one* of the two charge numbers (that assigned to HRPI). Exh. "4" at 1. Dr. Thakral's Reply also references *only one* of the two charge numbers (that assigned to UH). Exh. "5" at 1. Moreover, the EEOC took no issue with single filings that referenced only one of two charge numbers and, indeed, appears to have applied those filings to both charge numbers. The EEOC forwarded to Dr. Thakral's counsel two copies of the Position Statement, each copy accompanied by a cover letter identical except for the single-digit difference in charge numbers and the name of the party "versus" Dr. Thakral. Klein Decl. ¶11-2, Exhs. "6" and "7." It is reasonable to presume the EEOC similarly forwarded in duplicate Dr. Thakral's subsequent Reply to counsel for UH and HRPI.

In mid-June 2019, counsel for Dr. Thakral received two items of correspondence from the EEOC dated June 12, 2019. Klein Decl. ¶13-4, Exhs. "8"

and "9." One was a standard "Notice of Right to Sue" form ("Form") with boxes checked to indicate that "[m]ore than 180 days have passed since the filing of this charge" and that "[t]he EEOC is terminating its processing of this charge." *See* Exh. "8". The Form stated that Dr. Thakral had ninety days from receipt to file a lawsuit under the ADA. *Id.* The other item was a letter ("EEOC Letter") informing Dr. Thakral that his request for a Notice of Right to Sue was being "forwarded to the U.S. Department of Justice ["DOJ"] for action" and that DOJ would be issuing the Notice directly to him. *See* Exh. "9." The EEOC Letter appeared to cover and explain the Form and both were signed by the same EEOC local office director on the same date. *See* Exhs. "8" and "9."

By letter dated July 12, 2019 and received by Dr. Thakral's counsel via certified mail on July 22, 2019 ("Original DOJ Letter"), the DOJ notified Dr. Thakral that he had ninety days from receipt to bring a lawsuit under the ADA. Klein Decl. ¶15, Exh. "10." Sometime thereafter, Dr. Thakral's counsel noticed the Original DOJ Letter styled the EEOC case as "EEOC Charge Against the University of Hawaii at Manoa." *See* Exh. "10." Concerned that the Original DOJ Letter listed the Manoa campus, not UH generally, and that HRPI was not included in the caption as counsel for Dr. Thakral and counsel for UH and HRPI had consistently done, Dr. Thakral's counsel contacted the DOJ by telephone on or about October 15, 2019. Klein Decl. ¶16. Dr. Thakral's counsel explained those

8

concerns to Karen L. Ferguson, Supervisory Civil Rights Analyst ("Analyst

Ferguson"), who without objection agreed to issue a new DOJ Letter dated July 12,

2019, the same date as the Original DOJ Letter, but with Respondent HRPI added

to the caption ("Revised DOJ Letter"). *Id.* Analyst Ferguson ultimately declined

to remove "at Manoa" from its caption for reasons Dr. Thakral's counsel does not

recall or which were not discussed. *Id.* Dr. Thakral's counsel received the Revised

DOJ Letter on October 21, 2019. Klein Decl. ¶17, Exh. "11." At no time during

Dr. Thakral's counsel's telephone conversation with Analyst Ferguson did she

indicate the Original DOJ Letter or Revised DOJ Letter only applied to

Respondent UH. Klein Decl. ¶16.

## III. LEGAL STANDARD

UH and HRPI's motion to dismiss for failure to state a claim under Federal

Rules of Civil Procedure ("FRCP") Rule 12(b)(6) should not be granted unless it

appears to a certainty that Dr. Thakral would not be entitled to recover under any

set of facts which could be proved in support of his claims. In other words,

dismissal is not appropriate where the facts alleged state a claim that is "plausible

on its face," rather than the "heightened fact pleading" advocated by Defendants in

this action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v.*

*U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Determining whether Dr.

Thakral's Complaint states a plausible claim is "a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In exercising its review of the Complaint, the Court must "take all allegations of material fact as true and construe them in the light most favorable to [Dr. Thakral]." *Steinle v. City and Cty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019).

## IV. DISCUSSION

### A. Defendant Lassner is Properly Before the Court, Contrary to Defendants' Obvious Mischaracterization of the Law

None of the reasons advanced by UH and HRPI, alternative or otherwise, compel dismissal of President Lassner from this lawsuit. UH and HRPI's first mistake is mischaracterizing Dr. Thakral's claims against President Lassner as claims against an "individual." Motion at 11. Clearly, Dr. Thakral sued President Lassner in his official capacity as an agent/officer of the State of Hawaiʻi, not as an individual in his personal capacity. Doc. 1 at ¶14. This is not news to UH and HRPI, who readily admit that fact just a few sentences into their argument when they state: "[h]ere, [Dr. Thakral] sues Lassner '*in his official capacity as President of University of Hawaii*' [Doc 1 at 2, 4] . . . ." Motion at 11-12 (emphasis and brackets added).

UH and HRPI continue to blunder through their analysis by relying on *Walsh v. Nev. Dep't of Human Res.*, their first substantive citation, which supports a rule entirely contrary to their argument. 471 F.3d 1033, 1036 (9th Cir. 2006). In

*Walsh*, the Ninth Circuit recognized that "State governments can invoke the Eleventh Amendment's guarantee of sovereign immunity against Title I [of the ADA] suits seeking money damages. . . . Sovereign immunity, however, ***does not bar Title I suits against state officials for prospective injunctive and declaratory relief***." *Id.* (emphasis and brackets added). Here, Dr. Thakral seeks prospective injunctive and declaratory relief against President Lassner, not monetary damages. Doc 1 at ¶¶98, 113. Dr. Thakral's claims against President Lassner are therefore permissible under both Title I and Title V of the ADA.

Lastly, suits against government officials in their official capacity for prospective injunctive and declaratory relief are routine. *Pele Def. Fund v. Paty*, 73 Haw. 578, 590, 837 P.2d 1247, 1256 (1992) (acknowledging that "sovereign immunity ***would not*** bar a § 1983 action brought against state officials in their official capacities prospectively to enjoin an alleged violation of [federal law][8]….") (emphasis and brackets added); *Ricasa v. State of Haw. Dep't of Human Servs.*, No. 18-00033 HG-WRP, 2019 U.S. Dist. LEXIS 177608, at \*21 (D. Haw. Oct. 11, 2019) (wherein this Court recently held that, with respect to the plaintiff's ADA claims, "[t]he Eleventh Amendment does not prohibit suits for prospective

---

[8] Substituting "federal law" for § 5(f) of the Hawaiʻi Admission Act of 1959.

declaratory and injunctive relief against state officials, sued in their official capacities, to enjoin an alleged ongoing violation of federal law").[9]

UH and HRPI's argument verges on the edge of frivolity by apparently not reading *Walsh* in its entirety and appearing not to understand the distinction between suits against individuals in their personal capacity and in their official capacity. Accordingly, Dr. Thakral's claims against President Lassner are permissible under the clear weight of the authority cited herein and should not be dismissed.

### B. Thakral's Claims Against HRPI Are Timely

UH and HRPI argue that Dr. Thakral's claims against HRPI should be dismissed for failure to file the ADA Case within 90 days of his receipt of the Form. Motion at 12; Exh. "8." The "fatal flaw" referred to by UH and HRPI in the Motion is nothing more than Defendants' misunderstanding about the effect of the Original DOJ Letter received by Dr. Thakral on July 22, 2019, and the Revised DOJ Letter issued by Analyst Ferguson on October 21, 2019. Exhs. "10" and "11."

Prior to the issuance of the Original DOJ Letter and the Revised DOJ Letter, Dr. Thakral received the Form (Exh. "8") and the EEOC Letter (Exh. "9") in mid-

---

[9] Defendants' reference to *Hyun Ju Park v. City & Cty. of Honolulu*, 292 F. Supp. 3d 1080 (D. Haw. 2018) is inapposite.

June 2019.  Importantly, the EEOC Letter indicated that Dr. Thakral's request for a Notice of Right to Sue was being "forwarded to the [DOJ] for action" and that the DOJ would be issuing a Notice directly to Dr. Thakral.  Exh. "9."

On July 22, 2019, well within the first 90-day window established pursuant to the Form (Exh. "8"), Dr. Thakral received the Original DOJ Letter informing him that he had 90 days from receipt of *that* letter to bring a lawsuit under the ADA.  Exh. "10."  Dr. Thakral asserts that the applicable time period to file suit restarted upon his receipt of the Original DOJ Letter because the first 90-day period had not yet expired.

UH and HRPI argue that the Original DOJ Letter made no mention of HRPI, which in their view indicates that Dr. Thakral's claims against UH and HRPI were somehow miraculously bifurcated.  Motion at 13-14.  This argument makes no sense for a few reasons.  First, Dr. Thakral's EEOC Complaint named UH *and* HRPI, which is commensurate with Dr. Thakral's claim that the two entities are inextricably intertwined.  Doc. 1 at ¶¶35-49; *See* Exh. "3."  Thereafter, UH and HRPI responded by jointly filing their Position Statement, which Dr. Thakral replied to by way of a single Reply.  Exhs. "4" and "5."  By that point, the parties had proceeded through the administrative process without any surprises, in part because UH and HRPI were and are represented by the same counsel as they are in the Due Process Case.

13

In early October 2019, out of an abundance of caution, Dr. Thakral's counsel contacted Analyst Ferguson and requested that she issue an amended right to sue letter making specific reference to HRPI, although from the context of the administrative proceedings it was clear that HRPI should never have been left out in the first place. Analyst Ferguson agreed with Dr. Thakral's counsel and issued the Revised DOJ Letter. Significantly, Analyst Ferguson did not extend the 90-day period any further, deciding instead to keep the 90-day time period running from July 22, 2019--a clear indication that UH and HRPI were both subject to suit pursuant to the DOJ's Notice. This result ensures that a claimant, such as Dr. Thakral, who seeks to assert disability discrimination claims against multiple entities (that here are actually one and the same) based on the same factual allegations is not required to file *multiple* federal lawsuits simply to preserve his right to sue those entities. For instance, and as HRPI and UH would have it, Dr. Thakral should have filed suit against HRPI subject to the first 90-day period and thereafter filed suit against UH separately, presumably eventually having the actions consolidated. Viewing the notices in that light would produce an absurd result, not mention a serious misappropriation of judicial resources.

Nevertheless, and in the alternative, if the Court determines that the Revised DOJ Letter does not apply to HRPI, Dr. Thakral respectfully requests that this Court rule that time to file against HRPI was equitably tolled. *See Brown v.*

*JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 183965, at *20 (E.D.N.Y. Nov. 29, 2012) (holding that compliance with the 90-day period on an EEOC right to sue letter is not a jurisdictional issue, but rather "subject to the doctrine of equitable tolling"); *Reyes v. N. Shore-Long Island Jewish Health Sys.*, 2002 U.S. Dist. LEXIS 18468, at *5 (E.D.N.Y. Oct. 2, 2002) (compliance with a 90-day EEOC right to sue letter is "not a jurisdiction predicate, but a limitations period subject to equitable tolling"). To the extent the Court is inclined, Dr. Thakral asserts that he has established the elements required for equitable tolling because he has (1) pursued his rights diligently; and (2) that extraordinary circumstances stood in his way.[10] *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

### C. <u>The Instant Lawsuit Should Not Be Stayed</u>

#### 1. The <u>*Brillhart*</u> and <u>*Dizol*</u> <u>Factors Are Inapplicable</u>

UH and HRPI mischaracterize the nature of this lawsuit as a "declaratory judgment action" and erroneously advise this Court that it has "***discretion***" to dismiss Dr. Thakral's ADA Case. *See* Motion at 14-15. At its core, this lawsuit arises under the ADA, a comprehensive federal law that protects the rights of disabled individuals such as Dr. Thakral. The ADA does this by creating causes of

---

[10] Dr. Thakral asserts that the EEOC (or the DOJ) should never have bifurcated his claims leading to the appearance of separate charges and then on multiple occasions thereafter treated filings referencing only one charge as applicable to and satisfying the requirements of both.

action that manifest in the types of claims pleaded, and the relief requested in the ADA Case (*i.e.*, that UH and HRPI violated federal law by discriminating against Dr. Thakral because of his disability).  29 U.S.C. § 794a; 42 U.S.C. § 2000e-5(f); 42 U.S.C. §§ 12111, *et seq.* (Title I); 42 U.S.C. §§ 12132-12133 (Title II); 42 U.S.C. § 12203 (Title V).

A declaratory judgment action, on the other hand, is a "binding adjudication that establishes the rights and other legal relations of the parties ***without providing for or ordering enforcement***." *Declaratory Judgment*, BLACK'S LAW DICTIONARY (8th ed. 2007) (emphasis added).  A litigant seeking a declaratory judgment maintains the action pursuant to 28 U.S.C. § 2201, which states in pertinent part that "any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  28 U.S.C. § 2201 (emphasis added).  The permissive use of "may" in § 2201 gives the Court broad discretion in determining whether to entertain such an action.  *See Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).[11]  There is nothing about Dr.

---

[11] *Brillhart* involved an insurance company's suit against another insurance company, wherein the plaintiff sought a declaration from the Court of its rights under a reinsurance agreement.  *Id.*, 316 U.S. at 492.  The U.S. Supreme Court held that the District Court properly had jurisdiction of the suit, but that § 2201 did not compel the Court to exercise its jurisdiction.  *Id.* at 494-95.

Thakral's ADA Case that can be confused with a declaratory judgment action as suggested by UH and HRPI. *See* Motion at 14-19. Defendants' argument that Dr. Thakral's lawsuit is styled in the caption as a "declaratory judgment" is not indicative of anything substantive about the nature of Dr. Thakral's case. *Allende-Rodriguez v. Ashford Presbyterian Cmty. Hosp.*, 325 F. Supp. 2d 2, 5 (D.P.R. 2004) ("[G]iven the fact that the caption is not considered a part of the pleader's statement of claim" an error on the caption "will be deemed as a defect of form and not of substance. ***It is the allegations of the complaint that determine the nature of the causes of action claimed*** . . . .") (emphasis added); *Winegarner v. Hartz*, 2018 U.S. Dist. LEXIS 19344, at \*9 (N.D. Tex. Jan. 16, 2018).

Dr. Thakral has not alleged any cause of action pursuant to § 2201 and is not asking this Court to simply declare the rights of the parties. Rather, Dr. Thakral has alleged that UH and HRPI violated the ADA and that he, among other relief requested, be reinstated in the residency program. UH and HRPI' reliance on *Brillhart* and "its progeny"[12] in arguing that this Court has discretion to dismiss or

---

[12] *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 281, (1995) (Supreme Court "granted certiorari . . . to resolve Circuit conflicts concerning the standard governing a district court's decision to ***stay a declaratory judgment action*** in favor of parallel state litigation . . . .") (emphasis added); *see also Gov't Emples. Ins. Co. v. Dizol*, 133 F.3d 1220, 1221 (9th Cir. 1998) (considering an insurance company's "complaint in federal court ***pursuant to the Declaratory Judgment Act***, seeking declaration that [the estate of the decedent] was not entitled to any recovery under [the decedent's] policy.") (emphasis added).

stay Dr. Thakral's ADA Case is misplaced and should be disregarded by the Court as inapposite. *See* Motion at 15-16.

## 2. Defendants' Interpretation of *Colorado River* and Its Application to This Case Is Wrong

UH and HRPI propose an incorrect binary argument that presumes, without support, that if *Brillhart* is inapplicable, then the appropriate test for dismissal is set forth in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and its progeny. Motion at 19-20.[13] In fact, neither the *Brillhart* test nor the *Colorado River* test applies to this action. There are no exceptional circumstances that warrant staying or dismissing Dr. Thakral's ADA Case, especially because, even if applicable, the *Colorado River's* balancing test is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 4, (1983).

In *Colorado River*, a federal water rights case, shortly after the government's suit commenced in federal court, one of the defendants in that suit filed an application in the state court seeking to join the United States as a party under the McCarran Amendment.[14] *Colo. River Water Conservation Dist.*, 424 U.S. at 806.

---

[13] Defendants continue to confuse the distinction between an action that seeks, among other relief, "declaratory relief," and a Declaratory Judgment Action pursuant to 28 U.S.C. § 2201.

[14] The McCarran Amendment, codified at 43 U.S.C. § 666, provides potential litigants with consent to join the United States as a defendant in any suit

Defendants in the federal suit moved to dismiss on the basis that the District Court lacked jurisdiction to determine federal water rights. *Id.* The District Court dismissed the action without first determining the jurisdictional question on the basis that the doctrine of abstention required deference to the state suit. *Id.*

The questions presented to the Court "concern[ed] the effect of the McCarran Amendment upon the jurisdiction of the federal district courts under 28 U.S.C. § 1345 over suits for determination of water rights brought by the United States as trustee for certain Indian tribes and as owner of various non-Indian Government claims." *Id.* at 803. On its face, the questions presented in *Colorado River* bear no resemblance to the issue of whether Dr. Thakral's ADA Case should be dismissed or stayed. The first question considered by the Court in *Colorado River* was whether the McCarran Amendment provided consent to determine federal reserved rights held on behalf of Native Americans in state court; the Court resolved that question in the affirmative. *Id*. at 809-10.

The next issue in *Colorado River* was whether the District Court's dismissal was appropriate under the doctrine of abstention, noting that "abstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813.

---

involving the adjudication of water rights where it appears that the United States is the owner of such rights.

Moreover, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.*

The *Colorado River* Court held that abstention is appropriate in cases: (1) presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent law; (2) that present "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar"; and (3) where, "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 814-17. The U.S. Supreme Court ultimately concluded, as it would if presented with Dr. Thakral's ADA Case, that the *Colorado River* case *did not* fall into any of the abstention categories and that dismissal was not supported on those grounds. *Id.* at 814.

Ultimately, however, the Court concluded that dismissal of the government's federal lawsuit was nonetheless warranted, specifically because "[t]he clear federal policy evinced by [the McCarran Amendment] is the avoidance of piecemeal adjudication of water rights in a river system." *Id.* at 819, 821. No such specific policy exists with respect to Dr. Thakral's ADA claims asserted in the ADA Case, and the Due Process Case and ADA Case are not substantially similar; thus, the Court should find no reason to dismiss or stay this action.

Moreover, UH and HRPI fail to mention the general rule described by the Court in *Colorado River* that "***as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction***." *Id.* at 817 (emphasis added). Even if this Court were to take UH and HRPI's argument that the Due Process Case and ADA Case are "related" (Motion at 14), this Court could nevertheless exercise jurisdiction. In reality, Dr. Thakral's Due Process Case and ADA Case are distinct, as discussed *supra* Part II, and as ironically argued by ***UH and HRPI*** in the Due Process Case. For example, in Dr. Thakral's First Requests for Production of Documents to UH and HRPI in the Due Process Case, he seeks, *inter alia*, the following documents:

- "Any and all documents relating to policies and procedures for compliance with the ADA;

- "Any and all documents related to past or current [UH] medical residents who have received reasonable accommodations pursuant to the ADA"; and

- "Any and all documents and communications relating to Dr. Thakral's diagnosed and disclosed disabilities."

Klein Decl. ¶18-9, Exh. "12" at 8-9 and Exh. "13" at 8-9. UH and HRPI objected resoundingly, in part on the basis that said requests seek "production of documents that are neither relevant to the subject matter of [the Due Process Case] nor reasonably calculated to lead to the discovery of admissible evidence." Klein

Decl. ¶20-1, *See, e.g.*, Exh. "14" at 4-5 and Exh. "15" at 5, 12-13.  In other words, UH and HRPI object to producing ADA-related documents when it is convenient for them in the Due Process Case on the basis that the documents are unrelated and irrelevant to the claims asserted therein.  Yet, UH and HRPI waste this Court's time attempting to conflate the two cases when it suits them in the ADA Case.  UH and HRPI's objections to Dr. Thakral's discovery requests in the Due Process Case highlight a fundamental discrepancy in their posture--that they want to have it both ways, when it is most convenient for them.  Lastly, Dr. Thakral's claims in this lawsuit arise under the ADA which is precisely the kind of claim ideally suited for federal jurisdiction.

## V.    CONCLUSION

Based on the foregoing, Dr. Thakral respectfully request that this Court ***deny*** Defendants' Motion in its entirety.

DATED:  Honolulu, Hawaiʻi, January 31, 2020.

/s/ Robert G. Klein
ROBERT G. KLEIN
KURT W. KLEIN
DAVID A. ROBYAK

Attorneys for Plaintiff
GAURAV THAKRAL, M.D.