**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

| | |
|---|---|
| CHRISTOPHER S. YEH | 6777-0 |
| RONALD TANG | 11034-0 |

Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawai`i 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
Email: cyeh@marrjones.com

Attorneys for Defendants
HAWAI`I RESIDENCY PROGRAMS, INC.,
DAVID LASSNER, and UNIVERSITY OF HAWAI`I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GAURAV THAKRAL, M.D.,<br><br>        Plaintiff,<br><br>vs.<br><br>HAWAI`I RESIDENCY PROGRAMS, INC.; DAVID LASSNER, in his official capacity as President of UNIVERSITY OF HAWAI`I; and UNIVERSITY OF HAWAI`I,<br><br>        Defendants. | CIVIL NO. 19-00563 DKW-RT<br><br>DEFENDANTS HAWAI`I RESIDENCY PROGRAMS, INC., DAVID LASSNER, AND UNIVERSITY OF HAWAI`I'S **REPLY MEMORANDUM IN SUPPORT OF MOTION TO PARTIALLY DISMISS AND TO STAY COMPLAINT** FILED ON OCTOBER 18, 2019 [ECF NO. 1]; DECLARATION OF CHRISTOPHER S. YEH; EXHIBITS H-I; CERTIFICATE OF COMPLIANCE PURSUANT TO LR 7.5(e)<br><br>No Trial Date Set. |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................... 1

II. DISCUSSION ............................................................................................ 1

    A. All Claims Against HRP Should Be Dismissed .................................. 1

        1. The EEOC's June 2019 Notice of Right-to-Sue as to HRP was not superseded ......................................................... 5

        2. Plaintiff could have timely filed one ADA lawsuit .................. 8

        3. Plaintiff is not entitled to equitable tolling .............................. 9

    B. Claims against Lassner ...................................................................... 11

    C. Stay of Complaint .............................................................................. 12

        1. Brillhart ................................................................................. 12

        2. Colorado River ...................................................................... 14

III. CONCLUSION ....................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*,
   744 F.3d 595 (9th Cir. 2014) ..................................................................................2

*Benton v. Town of S. Fork*,
   Civil Action No. 12-CV-00336-CMA-KMT, 2013 U.S. Dist.
   LEXIS 45512 (D. Colo. Feb. 12, 2013) ..................................................................5

*Brillhart v. Excess Insurance Co. of Am.*,
   316 U.S. 491 (1942) ..............................................................................................12

*Cleveland v. Douglas Aircraft Co.*,
   509 F.2d 1027 (9th Cir. 1975) .........................................................................6, 7, 8

*Colorado River Water Conservation District v. United States*,
   424 U.S. 800 (1976) ..............................................................................................14

*Dougherty v. Barry*,
   869 F.2d 605 (D.C. Cir. 1989) ................................................................................8

*Dougherty v. City of Covina*,
   654 F.3d 892 (9th Cir. 2011) ..................................................................................2

*In re United States Parole Comm'n*,
   793 F.2d 338 (D.C. Cir. 1986) ..............................................................................13

*Korolev v. Horel*,
   386 Fed. Appx. 594 (9th Cir. 2010) ........................................................................9

*Maddox v. Thomas*,
   Civ. No. 18-00133 DKW-RLP, 2019 U.S. Dist. LEXIS 10016 (D.
   Haw. Jan. 22, 2019) ................................................................................................9

*Mahroom v. Defense Language Institute*,
   732 F.2d 1439 (9th Cir. 1984) ................................................................................7

*Miranda v. Castro*,
   292 F.3d 1063 (9th Cir. 2002) ...........................................................................9, 10

*Muhammad v. Berreth*,
   No. C 12-02407 CRB, 2012 U.S. Dist. LEXIS 146191 (N.D. Cal. Oct. 10, 2012) ..................................................................................................13

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) ...........................................................................14

*Ogunsalu v. San Diego Unified Sch. Dist.*,
   759 Fed. Appx. 642 (9th Cir. 2019)....................................................................7

*Samuels v. Mackell*,
   401 U.S. 66 (1971)............................................................................................13

*Shalaby v. Jacobowitz*,
   No. C 03-0227-CRP, 2003 U.S. Dist. LEXIS 6551 (N.D. Cal. Apr. 11, 2003) ............................................................................................................2

*Soso Liang Lo v. Pan Am. World Airways, Inc.*,
   787 F.2d 827 (2nd Cir. 1986) .............................................................................8

*Wallace v. Kato*,
   549 U.S. 384 (2007)............................................................................................9

*Winegarner v. Hartz*,
   No. 3:17-cv-1507-L-BN, 2018 U.S. Dist. LEXIS 19344 (N.D. Tex. Jan. 16, 2018) ...................................................................................................12

*Wong v. Beebe*,
   732 F.3d 1030 (9th Cir. 2013) ............................................................................9

*Yax v. Caesars Operating Co.*,
   Case No. 2:14-CV-1503-KJD-GWF, 2014 U.S. Dist. LEXIS 175717 (D. Nev. Dec. 18, 2014)........................................................................7

**STATUTES**

28 U.S.C. §2201................................................................................................12, 13

28 U.S.C. §2202........................................................................................................13

29 U.S.C. §2000e-5(f)(1) ..................................................................................5, 6, 11

**RULES & REGULATIONS**

Fed. R. Civ. P. 15(a)(2) ........................................................................................ 9

**DEFENDANTS HAWAI`I RESIDENCY PROGRAMS, INC.,
DAVID LASSNER, AND UNIVERSITY OF HAWAI`I'S
REPLY MEMORANDUM IN SUPPORT OF MOTION TO PARTIALLY
DISMISS AND TO STAY COMPLAINT FILED ON
OCTOBER 18, 2019 [ECF NO. 1]**

## I.   INTRODUCTION

Plaintiff's Opposition [Doc 19] fails to show why his claims against HRP should not be dismissed, and why his entire Complaint should not be stayed.

## II.   DISCUSSION

### A.   All Claims Against HRP Should Be Dismissed

In his Opposition, Plaintiff does not dispute that he received the EEOC's June 2019 Notice of Right-to-Sue or that he did not file suit within 90 days thereafter (*i.e.,* by September 2019). This confirms that his claims against HRP are untimely.

Nevertheless, Plaintiff tries to make much of the fact that the EEOC had "subtly" separated his administrative complaint into two charges – *i.e.,* Charge 486-2019-00<u>103</u> against HRP (the "HRP 103 Charge"), and Charge 486-2019-00<u>104</u> against UH (the "UH 104 Charge"). However, the very agency letters that he submits with his Opposition show that he was repeatedly notified of the separateness of these charges.[1]

---

[1]   As noted in Defendants' Motion, the Court may take judicial notice of administrative records. [Doc 12-1 at 10.] As discussed herein, the administrative records that Plaintiff submits do not save Plaintiff's claims against HRP because

1

- In April 2019, Plaintiff received two separate EEOC correspondences.

  - One pertained to the HRP 103 Charge as it referred to "Gaurav Thakral v. HAWAII RESIDENCY PROGRAMS INC" and "EEOC Charge No. 486-2019-00<u>103</u>" (capitalization in original, underline added).  [Doc 19 at 12, Ex. 6.]

  - The other pertained to the UH 104 Charge as it referred to "Gaurav Thakral v. UNIVERSITY OF HAWAII" and "EEOC Charge No. 486-2019-00<u>104</u>" (capitalization in original, underline added).  [Doc 19 at 12, Ex. 7.]

- In mid-June 2019, Plaintiff again received two separate EEOC correspondences.

  - One pertained to the HRP 103 Charge:  It was a "Notice of Right to Sue (Issued on Request)" as to Charge "486-2019-00<u>103</u>" with a cc to

---

they only confirm that Plaintiff was repeatedly notified of the separation of the charges.

    As to any other extraneous matters Plaintiff submits to support his theory of equitable tolling/confusion (*e.g.,* his counsel's mental processes concerning the agency letters and phone conversation with Karen Ferguson), they may not be considered as a basis for denying Defendants' Motion, but they do reinforce that his claims against HRP cannot possibly be saved, as further discussed *infra*.  See *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) ("Dougherty could have identified any such fact [to state a claim] in his briefing or argument before us, but he did not.  Thus, because we must conclude that amendment would be futile, we affirm the district court's dismissal with prejudice of the *Monell* and supervisory liability claims, because amendment would be futile"); *Shalaby v. Jacobowitz*, No. C 03-0227-CRP, 2003 U.S. Dist. LEXIS 6551, *22 (N.D. Cal. Apr. 11, 2003) ("the federal claims are dismissed without leave to amend as amendment would be futile.  Plaintiff's papers fail to suggest that there is any way he could state a federal claim against Jacobowitz"); *See Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding").

2

> "Hawaii Residency Programs Inc" (underline added). [Doc 19 at 12-13, Ex. 8.] This Notice stated:
>
>> This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-referenced charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost.
>
> (Underline and capitalization in original.)

- The other pertained to the UH 104 Charge: It was a June 12, 2019 letter referring to "Gaurav Thakral v. University of Hawaii, John A. Burns School of Medicine" and "EEOC Charge No 486-2019-00104" (underline added) and stating that the request for a right-to-sue "for the above-referenced charge" had been forwarded to the Department of Justice (DOJ). The letter also provided contact information "if you have any questions[.]" [Doc 19 at 12-13, Ex. 9.]

- In July 2019, Plaintiff received a July 12, 2019 DOJ letter as to the UH 104 Charge. It referred to the "University of Hawaii at Moana" [sic] and Charge "486201900104" (underline added) and stated "you have the right to institute a civil action against the above-named respondent." [Doc 19 at 13, Ex. 10.]

- On October 21, 2019, Plaintiff received another letter from the DOJ, materially the same as the July 12, 2019 letter but with HRP added to the caption. [Doc 19 at 14, Ex. 11.][2]

---

[2] Plaintiff explains how this letter came about. On July 22, 2019, Plaintiff received the July 2019 DOJ letter. "Sometime thereafter" (Plaintiff does not identify when), Plaintiff's counsel "noticed" the July 2019 DOJ letter referred only to UH and became "concerned . . . that HRPI was not included in the caption[.]" Thereafter, on or about October 15, 2019, Plaintiff's counsel called DOJ analyst Ferguson. At Plaintiff's counsel's request, the analyst issued the October 2019 DOJ Letter. [Doc 19 at 13-14.]

3

Also important – and what Plaintiff fails to inform the Court – is that, in December 2018 (at the <u>outset</u> of Plaintiff's administrative process), the EEOC sent him two letters that announced the separation of charges: One letter identified "Respondent: HAWAII RESIDENCY PROGRAMS INC" (capitalization in original) and "EEOC Charge No: 486-2019-00<u>103</u>" (underline added) and directed Plaintiff's attention to "the above-numbered charge of employment discrimination against the above-named respondent." *See* Yeh Decl. ¶2; Exhibit H. The other letter identified "Respondent: UNIVERSITY OF HAWAII" (capitalization in original) and "EEOC Charge No. 486-2019-00<u>104</u>" (underline added) and directed Plaintiff's attention to "the above-numbered charge of employment discrimination against the above-named respondent." *See* Yeh Decl. ¶3; Exhibit I.

Based upon the agency letters, Plaintiff's Opposition appears to make three arguments: (1) the EEOC's June 2019 Notice of Right-to-Sue as to HRP, although initially effective, was somehow superseded by the July 2019 DOJ letter;[3] (2) it would be absurd for Plaintiff to have filed two separate ADA lawsuits based upon different 90-day periods; and (3) he is entitled to equitable tolling. Each argument lacks merit.

---

[3]    Plaintiff argues, without any legal authority, that "the applicable time period to file suit <u>restarted</u> upon his receipt of the Original DOJ Letter because the first 90-day period had not yet expired." [Doc 19 at 13 (underline added)].

4

### 1. The EEOC's June 2019 Notice of Right-to-Sue as to HRP was not superseded

Regarding Plaintiff's apparent argument that the EEOC's June 2019 Notice of Right-to-Sue was superseded by the July 2019 DOJ letter, this argument is impossible for two alternative reasons.

First, the DOJ's statutory authority is to issue a right-to-sue only as to "a government, a governmental agency, or political subdivision," not as to private employers. As stated in 29 U.S.C. §2000e-5(f)(1):

> [If the EEOC or Attorney General has not filed a civil action within 180 days from the filing of a charge] the Commission, <u>or the Attorney General in a case involving a government, governmental agency, or political subdivision</u>, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . .

*See also Benton v. Town of S. Fork*, Civil Action No. 12-CV-00336-CMA-KMT, 2013 U.S. Dist. LEXIS 45512, *32 n. 10 (D. Colo. Feb. 12, 2013) ("a right-to-sue letter from the EEOC and a right-to-sue letter from the Attorney General . . . appear simply to be parallel administrative remedies for private and public employers, respectively"). Therefore, the DOJ lacked the authority to issue Plaintiff a right-to-sue as to HRP.[4]

---

[4] HRP is clearly not "a government, a governmental agency, or political subdivision." It is a private nonprofit corporation. Plaintiff's Complaint acknowledges this. [Doc 1 at 4.] This Court may also take judicial notice of the public record with the Hawaii Department of Commerce and Consumer Affairs. https://hbe.ehawaii.gov/documents/business.html?fileNumber=51395D2.

5

Put another way, only the EEOC had the authority to issue a right-to-sue as to HRP. *See* 29 U.S.C. §2000e-5(f)(1). Nothing in the statute allows the EEOC to delegate that authority to the DOJ, nor did the EEOC attempt to do so: In its June 12, 2019 letter to Plaintiff, the EEOC was forwarding to the DOJ only the "request for a Notice of Right to Sue for the above-referenced charge [*i.e.,* the UH 104 Charge] for action." [Doc 19 at 13, Ex. 9.]

Second, even assuming that the DOJ otherwise had authority to issue a right-to-sue notice as to HRP (which it in fact did not), the DOJ's July 2019 and October 2019 letters would still be ineffective <u>because it is the EEOC's June 12, 2019 Notice of Right-to-Sue that controls</u>. It is well-settled that, when the EEOC issues a Notice of Right-to-Sue with a 90-day period, any subsequent purported right-to-sue with a new 90-day period is ineffective and irrelevant. As with statutes of limitations generally, this rule is due to the interest in certainty and orderly administration. For instance, in *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975), the EEOC in 1968 issued the plaintiff an initial right-to-sue notice after which he timely filed suit, then informed him that he could dismiss his lawsuit in order to have the EEOC conclude its investigation. In apparent reliance on the EEOC's communication, the plaintiff dismissed his lawsuit. The EEOC then resumed its administrative processing and issued plaintiff a second right-to-sue in 1971, after which plaintiff filed another lawsuit. The Ninth Circuit affirmed

6

the dismissal of this second lawsuit on the grounds that the plaintiff was bound by the filing period of the first right-to-sue:

> The issuance by the EEOC of a second right to sue letter likewise is without effect.  The EEOC had no statutory authority to issue such a letter and therefore the 30-day period[5] must be deemed to run from the issuance of the first letter.  [Citation omitted.]  To accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC.

*Id.* at 1030; *see also Mahroom v. Defense Language Institute*, 732 F.2d 1439, 1440 (9th Cir. 1984) (where plaintiff was issued an initial right-to-sue notice and a subsequent right-to-sue notice, "we hold the second right-to-sue letter to be without effect" such that the filing period should be measured by the first right-to-sue); *Ogunsalu v. San Diego Unified Sch. Dist.*, 759 Fed. Appx. 642, 644 (9th Cir. 2019) (citing *Mahroom* for its "holding that issuance of a second right-to-sue letter based on the same conduct is of no effect"); *Yax v. Caesars Operating Co.*, Case No. 2:14-CV-1503-KJD-GWF, 2014 U.S. Dist. LEXIS 175717, *5 (D. Nev. Dec. 18, 2014) (dismissing retaliation claim that was not timely filed following first right-to-sue notice and holding that "calculating the ninety-day period from any date other than the initial right-to-sue letter would render the statutory limitation meaningless because potential Title VII plaintiffs could evade those requirements

---

[5]  At the time of these events in *Cleveland*, the filing period was 30 days, not 90 days.  *See id.* at 1028 n. 1.

7

simply by seeking additional Notices of Right to Sue whenever they pleased") (citing *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2nd Cir. 1986)); *Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Cir. 1989) ("a right to sue notice issued by the Justice Department does not revoke a prior notice issued by the EEOC, and so does not revive a private right to sue").

In this instance, the first (if not only) right-to-sue notice as to HRP was the EEOC's June 12, 2019 Notice. Therefore, it was this EEOC June 2019 Notice that set the 90-day deadline for Plaintiff to sue HRP, and the subsequent DOJ letters were "without effect" as to HRP. *Cleveland*, 509 F.2d at 1030.

### 2. **Plaintiff could have timely filed one ADA lawsuit**

Regarding Plaintiff's argument that it would be absurd or wasteful to file two ADA lawsuits, this argument erroneously assumes that filing two ADA lawsuits was the only way to preserve his claims against HRP. In fact, there are at least scenarios in which Plaintiff could have timely sued HRP, along with UH, in a single lawsuit. First, as of July 22, 2019, Plaintiff had in his possession both the EEOC's June 12, 2019 right-to-sue as to HRP and the DOJ's July 12, 2019 right-to-sue as to UH. At that point, Plaintiff still had almost two months to file a single lawsuit against both entities before the HRP right-to-sue period expired in mid-September 2019. Second, Plaintiff could have filed suit against HRP and then,

after obtaining the right-to-sue as to UH, amended the suit to add UH.  *See* Fed. R. Civ. P. 15(a)(2).

### 3. **Plaintiff is not entitled to equitable tolling**

Plaintiff cannot meet the standard for equitable tolling.

Equitable tolling requires proof of <u>both</u> diligence <u>and</u> extraordinary circumstances.  "[G]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (citation omitted); *Maddox v. Thomas*, Civ. No. 18-00133 DKW-RLP, 2019 U.S. Dist. LEXIS 10016, *16 (D. Haw. Jan. 22, 2019) (same language).

Equitable tolling is a rare exception to the statute of limitations.  *See Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances"); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("equitable tolling is unavailable in most cases").

Confusion, ignorance, or mistake is not grounds for equitable tolling.  *See Korolev v. Horel*, 386 Fed. Appx. 594, 596 (9th Cir. 2010) ("confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); *Miranda*, 292 F.3d at 1067 ("the miscalculation of the limitations period by . . . counsel and his negligence in general do not constitute extraordinary

9

circumstances sufficient to warrant equitable tolling"); *id.* at 1067 n. 4 (citing cases for the proposition that equitable tolling is not warranted by "attorney error, miscalculation, inadequate research, or other mistakes," by "the lawyer's mistake in interpreting a statutory provision," or by "counsel's confusion about the applicable statute of limitations").

Here, Plaintiff cannot meet his burden of showing equitable tolling for two alternative reasons. First, Plaintiff did not pursue his rights diligently. The EEOC's June 2019 Notice was clear in granting Plaintiff the right to sue "WITHIN 90 DAYS . . . or your right to sue based on this charge will be lost," yet Plaintiff did not sue within the 90-day period (*i.e.,* by mid-September 2019).[6]

Second, even if Plaintiff did pursue his rights diligently (which he in fact did not), there were no extraordinary circumstances that prevented him suing HRP by September 2019 and understanding that the UH right-to-sue was proceeding on a separate track. This is made clear by various considerations. For instance, the

---

[6] Plaintiff's counsel's further explanation of events is outside the Complaint and thus should not be considered as a basis to deny Defendant's Motion. However, the explanation does affirm that there was no diligence and thus that equitable tolling is not possible: Plaintiff's counsel admits that they received the EEOC's June 2019 Notice of Right-to-Sue in "mid-June 2019," received the DOJ's July 2019 letter on July 22, 2019, and were "concerned" by the July 2019 DOJ letter's lack of reference to HRP, yet did not act on their concern until around October 15, 2019 – *i.e.,* well after the mid-September deadline to sue HRP. In other words, within the 90-day period from mid-June to mid-September 2019, Plaintiff's counsel neither filed suit nor sought clarification based upon the multiple agency letters they already had.

statutory scheme recognizes that there should be two separate right-to-sue notices. *See* 29 U.S.C. §2000e-5(f)(1). The EEOC's June 2019 Notice was clear that Plaintiff needed to sue HRP within 90 days or his right to sue would be lost. The EEOC never misled Plaintiff about there being two separate charges; to the contrary, the EEOC consistently recognized this separation, including in its two December 2018 letters (one for each charge), two April 2019 letters (one for each charge), and two June 2019 letters (one for each charge). In addition, the DOJ's July 2019 right-to-sue letter referred only to the UH 104 Charge, a fact which Plaintiff's counsel did notice albeit without taking timely diligent action.[7]

### B. Claims against Lassner

Upon further review, it is acknowledged that Plaintiff's claims against Lassner are limited to seeking only prospective injunctive and declaratory relief.

---

[7] Plaintiff also cites to the fact that Defendants' position statement referred to only one of the charges – *i.e.,* the HRP 103 Charge. Setting aside that the Defendants' position statement is not a government record, there is still no legal significance to this fact: (1) Plaintiff should have been relying upon the EEOC's charge number references which were clear from the EEOC's various correspondences to him. (2) Defendants did not transmit their position statement to Plaintiff; rather the EEOC transmitted it to Plaintiff in two separate April 2019 correspondences, each with its own cover letter identifying a separate charge number. (3) Defendants were not charged with complying with right-to-sue timelines. (4) In any event, Defendants' position statement used Charge Number 486-2019-00103, so if anything, the position statement should have focused Plaintiff upon administrative processing of the HRP 103 Charge which resulted in the June 2019 HRP Notice of Right-to-Sue.

Accordingly, the request to dismiss claims against Lassner is withdrawn without prejudice.

### C. Stay of Complaint

Plaintiff's Opposition fails to set forth cogent grounds to deny a stay.

#### 1. Brillhart

Regarding *Brillhart v. Excess Insurance Co. of Am.*, 316 U.S. 491 (1942): Plaintiff attempts to distance himself from the declaratory nature of his Complaint, arguing that his "Declaratory Judgment" caption is immaterial and that he "has not alleged any cause of action pursuant to §2201 and is not asking this Court to simply declare the rights of the parties." [Doc 19 at 17]. However, Plaintiff's position is unavailing for four reasons.

First, beyond Plaintiff's caption of "Declaratory Judgment," his Complaint repeatedly asserts entitlement to declaratory relief, as detailed in Defendants' Motion. [Doc 1 at 25-26][8]

---

[8] Plaintiff's reliance on *Winegarner v. Hartz*, No. 3:17-cv-1507-L-BN, 2018 U.S. Dist. LEXIS 19344 (N.D. Tex. Jan. 16, 2018) is distinguishable as the *Winegarner* plaintiff was a *pro se* litigant who clearly made a captioning error (omitting reference to "official capacities" in the caption when the body of his complaint did allege official capacity). *See id.* at *5 (a court has a "duty to construe pro se [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney") (citation omitted); *id.* at *8-9. In this case, Plaintiff is not *pro se*, and his caption of "Declaratory Judgment" is not an error as he repeatedly demands declaratory relief throughout his Complaint.

Second, the declaratory relief is foundational to other relief. *See* 28 U.S.C. §2202 ("Further necessary or proper relief based on a declaratory judgment or decree may be granted"); *In re United States Parole Comm'n*, 793 F.2d 338, 346 (D.C. Cir. 1986) ("Further relief may, of course, take the form of an injunction"); *Samuels v. Mackell,* 401 U.S. 66, 72, (1971) ("even if the declaratory judgment is not used as a basis for actually issuing an injunction, the declaratory relief alone has virtually the same practical impact as a formal injunction would").

Third, as Plaintiff's Opposition makes clear, his Count I and Count III against Defendant Lassner are only for declaratory and injunctive relief, not monetary damages. [Doc 19 at 11, 16.]

Fourth, as to Plaintiff's argument that he did not bring a cause of action under §2201: The Declaratory Judgment Act does not create an independent cause of action, so bringing a claim under 28 U.S.C. §2201 would not be possible. *See Muhammad v. Berreth*, No. C 12-02407 CRB, 2012 U.S. Dist. LEXIS 146191, \*13-14 (N.D. Cal. Oct. 10, 2012) ("Declaratory relief is not an independent cause of action or theory of recovery, only a remedy"). Even so, Plaintiff's Complaint refers to relief "based upon 28 U.S.C. §§2201 and 2202."

Assuming that *Brillhart* does apply, Plaintiff does not contest Defendants' arguments under the *Brillhart* test.

### 2. **Colorado River**

Regarding *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976): Although the Opposition states that *Colorado Rivers*'s three grounds for abstention are inapplicable, those three grounds are not the exclusive bases for stay. Stay can still be appropriate based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817.

Moreover, Plaintiff does not contest Defendants' arguments that the facts of this case warrant a stay under the test of *Colorado River* and its progeny. *See also Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (*Colorado River* does not require "exact parallelism," and "two actions are substantially similar" where "[a]ll of these disputes [in the two actions] concern how the respective parties have conducted themselves since Nakash purchased a portion of Guess").

Rather, Plaintiff cites unavailingly to only one factual circumstance – that, in the First Lawsuit, Defendants objected to certain ADA-related document requests. However, this overlooks two important points. First, in the First Lawsuit, <u>Plaintiff himself</u> deemed it appropriate to request ADA-related documents. Second, Defendants did not outright and unconditionally refuse production; rather, Defendants stated that they were "open to further consideration of this request upon clarification, narrowing, and/or explanation of how it is relevant or

reasonably calculated to lead to the discovery of admissible evidence." [Doc 19-15 at 4-5, 13; Doc 19-16 at 5, 9, 13.][9]

Accordingly, a stay is warranted under *Brillhart* or, alternatively under *Colorado River*.

### III.   CONCLUSION

Based on the foregoing, Defendants request that all claims against HRP be dismissed with prejudice and that this entire action be stayed.

DATED:   Honolulu, Hawaii, February 7, 2020.

/s/ Christopher S. Yeh
CHRISTOPHER S. YEH
RONALD TANG

Attorneys for Defendants
HAWAI`I RESIDENCY
PROGRAMS, INC., DAVID
LASSNER, AND UNIVERSITY OF
HAWAI`I

---

[9]   In addition, Defendants raised a range of objections as to Plaintiff's requests, not merely as to relevance. These other objections included, *inter alia*, that the request for policies had no timeframe, that the request for other residents' medical accommodations affected confidentiality and privacy, and that documents regarding Plaintiff's own condition were already available to him.

15