IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GAURAV THAKRAL, M.D.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HAWAII RESIDENCY PROGRAMS,<br>INC, *et al.*,<br><br>　　　　Defendants. | Case No. 19-cv-00563-DKW-RT<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTION TO<br>DISMISS** |

After Plaintiff Gaurav Thakral, M.D., was dismissed from the medical residency program at the University of Hawaii, he brought this civil action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.*, asserting that he was unlawfully dismissed because of alleged mental disabilities. Defendants filed a motion to dismiss, Dkt. No. 12, that does not challenge the merits of Thakral's claims. Instead, Defendants argue that (1) Thakral's claims against Defendant Hawaii Residency Programs, Inc., are untimely; and (2) this Court should stay this case in favor of Thakral's related lawsuit in state court pursuant to the *Brillhart-Wilton* line of cases, or, alternatively, pursuant to *Colorado River* and its progeny.

The Court concludes that Thakral's claims were not filed within ninety days of receiving his right-to-sue notice. A stay, however, is not appropriate. Defendants' motion is, therefore, GRANTED IN PART AND DENIED IN PART.

**FACTUAL & PROCEDURAL BACKGROUND**

**A.    Factual Background**

In July 2014, Thakral was experiencing "mental performance and test taking anxiety issues" and sought treatment from Richard R. Szuster, M.D. ("Dr. Szuster"), a psychiatrist.   Dr. Szuster diagnosed Thakral with certain mental conditions, including major depressive disorder, unspecified anxiety disorder, and attention deficit disorder.  Dkt. No. 1, ¶ 52.

In 2015, Thakral applied for and was accepted as a medical resident in the Pathology Residency Training Program (the "Program") at John A. Burns School of Medicine at the University of Hawaii (the "University").  Dkt. No. 1, ¶¶ 3, 29.  On April 21, 2016, at the conclusion of his first year in the Program, Thakral executed a one-year Agreement for Appointment to Residency Training with Defendant Hawaii Residency Programs, Inc. (HRPI), effective from July 1, 2016 to June 30, 2017 (the "Contract"), spanning Thakral's second year in the Program.  *Id.* at ¶ 34; Dkt. No. 19-3.  By virtue of the Contract provisions, Thakral alleges HRPI is an agent of the University for purposes of the Program because HRPI administered the Program, and the University sponsored and controlled the Program.  Dkt. No. 1, ¶¶35–49.

**1.    The First Notice of Prospective Dismissal**

During Thakral's first year in the Program, he experienced performance

difficulties, which Thakral attributes to his diagnosed mental conditions. *Id.* at ¶ 53. On July 8, 2016, a few days after beginning his second year in the Program, the Program Director (Dr. Amy Powers) and the Associate Program Director (Dr. David Shimizu) informed Thakral via email that he was being placed in Targeted Mentorship to address academic performance issues. *Id.* at ¶ 54. When Thakral's academic performance issues continued, Dr. Powers sent a letter to Thakral on October 24, 2016, imposing a remediation period (November 1, 2016 to January 31, 2017) and notifying Thakral that she accepted the Clinical Competency Committee's (CCC) recommendation to issue an Academic Notice. *Id.* at ¶ 56.

As a result, in late November 2016, Thakral sought additional treatment from Karen A. Tyson, Psy.D. for "problems with memory and test taking anxiety." *Id.* at ¶ 57. Dr. Tyson conducted neuropsychological testing and issued a report on January 11, 2017, which was later amended on May 31, 2017 (Tyson Report). *Id.* at ¶ 58. In her report, Dr. Tyson diagnosed Thakral with "specific learning disorder with impairment in reading, dyslexia" and causally linked that learning disorder to Thakral's performance issues in the Program. *Id.*

Sometime in early 2017, Thakral spoke several times with Dr. Powers about his academic performance and disclosed that he was receiving treatment from Dr. Tyson. *Id.* at ¶ 62. Thakral alleges that Dr. Powers declined to accept a copy of the Tyson Report and told Thakral he was "costing the Program too much money." *Id.*

at ¶ 63.

On February 2, 2017, Dr. Powers sent Thakral a letter, extending the required remediation period until February 28, 2017 and informing Thakral that she had accepted the CCC's recommendation to issue an Academic Warning for Thakral's continuing performance issues. *Id.* at ¶ 59. On March 17, 2017, Dr. Powers issued Thakral a Notice of Prospective Dismissal from the Program (First Notice). Under the First Notice, Thakral was placed on leave without pay pending the outcome of the grievance process and banned from the Queen's Medical Center University Tower unless summoned by Dr. Powers. *Id.* at ¶¶ 60–61.

In a letter, Thakral timely invoked his grievance rights, including his right to a hearing, and attached a copy of the Tyson Report and a letter report from Dr. Szuster. *Id.* at ¶¶ 64–65. These reports, Thakral alleges, confirm that both doctors diagnosed Thakral with "learning disabilities, including attention deficit disorder and dyslexia," and causally connected these mental conditions to Thakral's poor academic performance. *Id.* at ¶ 66. In Dr. Szuster's report, he suggested that intervention would remedy Thakral's performance issues. *Id.* at ¶ 67. The Tyson Report recommended several accommodations, including additional time to complete tests; more visual learning opportunities; rephrasing questions; peer review work; additional faculty mentorship; recording lectures; appointing a qualified reader for examinations; text-to-speech software; and written and verbal feedback.

*Id.* at ¶ 68.   At Dr. Powers' request, Dr. Tyson detailed her recommended accommodations in a June 1, 2017 letter and addressed the questions Dr. Powers posed.  *Id.* at ¶¶ 69–71.

On July 14, 2017, Dr. Powers sent Thakral a letter, informing Thakral that the Program could grant some of Dr. Tyson's proposed accommodations and requested clarification on others.  *Id.* at ¶ 73.  Dr. Tyson addressed Dr. Powers' concerns on August 5, 2017.  *Id.* at ¶ 73.

### 2.    The Second Notice of Prospective Dismissal and Dismissal

Dr. Powers issued a Second Notice of Prospective Dismissal to Thakral on November 21, 2017 (Second Notice), which Thakral opposed pursuant to his grievance rights under the Contract.  Dkt. No. 1, ¶ 74.  In the Second Notice, Dr. Powers allegedly stated that "[t]he Program does not find or state your condition constitutes a disability but nevertheless has proceeded with considering potential accommodations."  *Id.* at ¶ 75.  In addition, Dr. Powers raised an independent basis for Thakral's prospective dismissal: Thakral failed to disclose in his Program application information regarding his performance at the first medical school he attended.  *Id.* at ¶ 76.  Thakral, however, contends he disclosed this information and Dr. Powers' assertion is pretextual.  *Id.* at ¶¶ 77–78.

Thakral avers that his dyslexia does not impair his ability to read and write numbers and understand charts and graphs, as allegedly evidenced by his "superior

performance" on math tests and Dr. Tyson's opinion that Thakral's disability does not cause him to have difficulty comprehending charts and graphs or cause him to transpose numbers.   *See id.* at ¶¶ 80, 81.   Nonetheless, Dr. Powers allegedly maintained that the accommodations proposed by Dr. Tyson were not reasonable, endangered patient safety, and would pose an undue hardship on the Program.  *Id.* at ¶ 79.

After a grievance hearing on January 30, 2018, Defendants informed Thakral on February 1, 2018 that his employment with the Program was terminated.  *Id.* at ¶ 82.

**B.    Thakral's EEOC Proceedings**

Thakral timely filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), alleging claims of disability discrimination.  Dkt. No. 1, ¶ 22.  On November 28, 2018, the EEOC issued: (1) a "Notice of Charge of Discrimination" to HRPI with assigned EEOC Charge No. 486-2019-00103 (hereinafter HRPI Charge No. 103), Dkt. No. 12-6; and (2) a "Notice of Charge of Discrimination" to the University with assigned Charge No. 486-2019-00104 (hereinafter University Charge No. 104), Dkt. No. 12-7.[1]  Both notices state that

---

[1]Under Fed. R. Evid. 201, a court may take judicial notice of "undisputed matters of public record," such as "documents on file in federal or state courts," *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012), and "records and reports of administrative bodies." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1001 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003)).  None of the parties object to this Court doing so here with respect to the EEOC files relating to Thakral's claims and, indeed, all parties suggest

Thakral's charge is based on the Americans with Disabilities Act (ADA).

On December 6, 2018, the EEOC sent two separate letters to Thakral. In one of the letters, only HRPI is designated as the respondent and only HRPI Charge No. 103 is referenced. Dkt. No. 20-2. In the other letter, only the University is designated as the respondent and only University Charge No. 104 is referenced. Dkt. No. 20-3. Each letter states, "This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the 'EEOC Charge No.' listed above whenever you call us about this charge."

On April 5, 2019, the EEOC sent Thakral a letter, noting "Gaurav Thakral v. HAWAII RESIDENCY PROGRAMS INC" and HRPI Charge No. 103 in the heading, and informing Thakral that HRPI's position statement was enclosed. Dkt. No. 19-7 (emphasis in original). On the same day, the EEOC sent a separate letter to Thakral, referencing "Gaurav Thakral v. UNIVERSITY OF HAWAII" and University Charge No. 104 in the heading, and notifying Thakral that the University's position statement was enclosed. Dkt. No. 19-8 (emphasis in original).[2]

On June 12, 2019, the EEOC sent Thakral a "Notice of Right To Sue *(Issued*

---

the Court do so.

[2]Thakral's counsel attests that HRPI and the University filed a joint position statement, dated March 8, 2019, in which the caption states "Gaurav Thakral, M.D., v. Hawaii Residency Programs, Inc. and University of Hawaii John A. Burns School of Medicine" and references only HRPI Charge No. 103. Dkt. No. 19-5; Dkt. No. 19-1, ¶ 5; Dkt. No. 19 at 7. Thakral appears to have also filed only one reply, in which the caption reads "Gaurav Thakral v. Hawaiʻi Residency Programs, Inc. and University of Hawaiʻi, John A. Burns School of Medicine" and refers only to University Charge No. 104. Dkt. No. 19-6; Dkt. No. 19-1, ¶ 10; Dkt. No. 19 at 7.

*On Request),*" which references only HRPI Charge No. 103 and contains a "cc" to HRPI at the bottom of the letter (HRPI Right-to-Sue Notice). Dkt. No. 19-9. The notice informed Thakral that he must file his ADA lawsuit "based on the above-numbered charge . . . <u>WITHIN 90 DAYS</u>" of receiving the notice or his right to sue based on the charge would be lost. *Id.* (emphasis in original). On the same day, the EEOC sent Thakral a separate letter pertaining to "Gaurav Thakral v. University of Hawaiʻi, John A[.] Burns School of Medicine" and University Charge No. 104. Dkt. No. 19-10. That letter to Thakral provides:

> The [EEOC] has received your request for a Notice of Right to Sue for the above-referenced charge. Your request has been forwarded to the U.S. Department of Justice for action. **That agency will act on your request as soon as possible and issue the Notice directly to you.**

*Id.* at 1 (emphasis added).

In due course, on July 12, 2019, the U.S. Department of Justice (DOJ) sent Thakral a right-to-sue letter, which contains in the caption University Charge No. 104 and "EEOC Charge Against University of Hawaii at Manoa." Dkt. No. 19-11 [hereinafter the "DOJ Right-to-Sue Letter"]. Thakral received that letter on July 22, 2019. *Id.* at 2. The DOJ Right-to-Sue Letter notified Thakral of his "right to institute a civil action against **the above-named respondent** under: Title I of the [ADA] . . . and, Title V [of the ADA]." *Id.* at 1 (emphasis added).

"Sometime thereafter," Thakral's counsel "noticed" that "HRPI was not included in the caption" of the DOJ Right-to-Sue Letter. Dkt. No. 19 at 8; *see* Dkt.

- 8 -

No. 19-1, ¶ 16.  Thakral's counsel avers that on approximately October 15, 2019, counsel spoke with DOJ Supervisory Civil Rights Analyst Karen L. Ferguson on the telephone and requested that HRPI be added to the caption of the DOJ Right-to-Sue Letter.  Dkt. No. 19-1, ¶ 16.  Ferguson allegedly agreed to make revisions and re-issue the DOJ Right-to-Sue Letter "but with the same date."  *Id.*  On October 21, 2019, Thakral's counsel received the Revised DOJ Right-to-Sue Letter, which includes HRPI in the caption, but refers only to University Charge No. 104.  Dkt. No. 19-12.

## C.    Procedural History

### 1.    The State Court Proceedings

On January 29, 2018, Thakral filed suit in state court against HRPI and the University,[3] and amended his complaint on March 6, 2018.  Dkt. No. 19-2.  Based upon substantially the same factual allegations as those set forth above, Thakral asserts two substantive claims: (1) deprivation of procedural due process in violation of the Hawaii State Constitution; and (2) breach of contract, *id.* at ¶¶ 5, 37–58, and seeks declaratory, injunctive, and compensatory relief.  *See id.* at ¶¶ 59–65.

Thakral's theory is that the grievance policy for the University and HRPI, particularly the grievance hearing held on January 30, 2018, deprived him of a "fair process" because: (a) "Dr. Powers appoints the Hearing Committee," serves as "its

---

[3]*Thakral v. Hawaii Residency Programs, Inc.*, No. 1CC181000144 (Haw. 1st Cir. Jan. 29, 2018).

Chairperson," is the "final arbiter of their recommendation," "will be called as a witness in [Thakral]'s grievance hearing," and had "dismissed" Thakral's diagnosis of dyslexia prior to the hearing; (b) Defendants "denied [Thakral] access to his entire personnel record," which prejudiced his defense; and (c) an attorney was only permitted to accompany Thakral to the grievance hearing without the ability to address the Hearing Committee. *Id.* at ¶¶ 39–41, 44, 48, 50–53.

The state court has adjudicated motions for summary judgment from both sides, and the case is set for trial on August 10, 2020.  Dkt. No. 12-2, ¶ 4.

### 2.    The Instant Federal Action

On October 18, 2019, Thakral filed this lawsuit against the University, HRPI, and David Lassner in his official capacity as President of the University.  Dkt. No. 1, ¶¶ 11–14.  In this case, Thakral asserts that his dismissal from the Program was the result of Defendants discriminating against him on the basis of his disability.  *See id.* at ¶¶ 2, 94, 105, 110.  Thakral alleges three ADA claims for violations of Title I, 42 U.S.C. § 12111 *et seq.*; Title II, 42 U.S.C. § 12131 *et seq.*; and Title V, 42 U.S.C. § 12203, Dkt. No. 1, ¶¶ 1, 91–114, and seeks damages, declaratory relief, and a permanent injunction, ordering Defendants to reinstate Thakral as a second-year medical resident in the Program with employment benefits.  *Id.* at ¶¶ 5–6, 98–99, 107, 113–114.

On November 20, 2019, Defendants moved to dismiss the complaint or stay

the proceedings.  Dkt. No. 12.  That motion is now ripe for resolution, having been fully briefed by all concerned.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

## DISCUSSION

Defendants raise two arguments in their motion to dismiss, neither of which challenges the merits of Thakral's claims.  First, HRPI contends the claims against it are time-barred because Thakral failed to sue HRPI within 90 days of receiving the EEOC's right-to-sue notice.  Dkt. No. 12-1 at 1, 12–14.  Second, Defendants invoke principles of abstention and argue that this case should be stayed in light of Thakral's parallel lawsuit in state court against HRPI and the University that pre-

dates this one.  Dkt. No. 12-1 at 1, 14–26.[4]  For the reasons that follow, Thakral's claims against HRPI are time-barred, but the Court will not stay this case pending the resolution of Thakral's lawsuit in state court.

## A.   The Claims Against HRPI are Time-Barred

Thakral's ADA Title I and Title V claims against HRPI are time-barred because Thakral failed to file these claims within ninety days of receiving the June 12, 2019 right-to-sue letter from the EEOC, Dkt. No. 19-9.[5]

Title I of the ADA incorporates various provisions from Title VII of the Civil Rights Act of 1964.  42 U.S.C. § 12117(a) (incorporating "[t]he powers, remedies, and procedures set forth in [42 U.S.C.] sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9"); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) ("[T]he ADA adopts the procedural requirements of Title VII, including the EEOC filing requirement . . .").  As relevant here, Section 2000e-5 requires a plaintiff to

---

[4]Defendant Lassner initially asserted a third argument, contending that all claims against him must be dismissed because the ADA does not permit claims against individuals and "suits against government officials in their 'official capacity' are generally not cognizable."  Dkt. No. 12-1 at 1, 11.  But Defendant Lassner later acknowledged that this argument was erroneous because Thakral sued Lassner in his official capacity as University President and is seeking only prospective injunctive and declaratory relief against Lassner.  Dkt. No. 20 at 11–12; Dkt. No. 1, ¶¶ 14, 98, 113; *see also Bd. of Trs. v. Garrett*, 531 U.S. 356, 374 n.9 (2001) (noting that although Title I of the ADA does not abrogate the States' sovereign immunity from suits for damages, "Title I of the ADA . . . can be enforced . . . by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 (1908)); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) ("Sovereign immunity . . . does not bar Title I suits against state officials for prospective injunctive and declaratory relief."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  As a result, Defendant Lassner withdrew his request to dismiss the claims against him.  Dkt. No. 20 at 12.
[5]Thakral's ADA Title II claim is alleged against the University only.  Dkt. No. 1 at 22.

file his discrimination lawsuit within ninety days of receiving a right-to-sue letter from the EEOC or appropriate agency. *See id.* § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC], . . . the [EEOC], or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"). "If a litigant does not file suit within ninety days [of receiving a right-to-sue notice], then the action is time-barred." *See, e.g., Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119, 1121–22 (9th Cir. 2007); *Scholar v. Pac. Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992) (explaining that the 90-day filing period "constitutes a statute of limitations"), *cert. denied*, 506 U.S. 868 (1992). Title V claims in the employment context require the same procedures as those under Title I. *See* 42 U.S.C. § 12203(c) (incorporating "[t]he remedies and procedures" under Section 12117).[6]

Here, the HRPI Right-to-Sue Notice for Thakral's ADA claims against HRPI was issued by the EEOC on June 12, 2019. Dkt. No. 19-9. There is no question that this notice pertained to Thakral's claims against HRPI because it references HRPI Charge No. 103 and the "cc" on the correspondence is HRPI, not the University.

---

[6]Title V of the ADA prohibits retaliation because of a person's opposition to any act or practice that the ADA prohibits. 42 U.S.C. § 12203(a).

Thakral presumably received the HRPI Right-to-Sue Notice three days later, on June 15, 2019.  *Payan*, 495 F.3d at 1122, 1125 (adopting a rebuttable presumption that a right-to-sue letter is received within three days of its mailing where the date of actual receipt is unknown).  Thakral, therefore, had until September 13, 2019 to file his ADA claims against HRPI.  Because Thakral did not file his ADA claims against HRPI until he brought this action on October 18, 2019—over a month after the ninety-day period expired—Thakral's claims against HRPI are time-barred.  *See, e.g.*, *Payani*, 495 F.3d at 1127 (affirming dismissal of *pro se* litigant's Title VII claims because her complaint was filed three days after the ninety-day limitations period); *Scholar*, 963 F.2d at 267 (dismissing complaint filed three days late).

There is no merit to Thakral's assertion that "the applicable time period to file suit restarted" on July 22, 2019 when he received the *DOJ Right-to-Sue Letter* "because the first 90-day period had not yet expired."  Dkt. 19 at 13.  Under well-established precedent, a second right-to-sue-letter for the same conduct is without effect where there is no indication that the EEOC intended to revoke the previously issued right-to-sue notice.  *See, e.g.*, *Mahroom v. Defense Language Institute*, 732 F.2d 1439, 1440–41 (9th Cir. 1984) (per curiam) (holding that "in absence of any indication that the [EEOC] intended to withdraw its earlier decision and revoke its first right-to-sue letter," the limitations period for filing suit was triggered by the first right-to-sue letter despite the EEOC's issuance of a second right-to-sue letter);

- 14 -

*Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975) (holding that "[t]o accept the EEOC's action in issuing the second letter as proper would vitiate the congressionally mandated period of limitation in favor of a hodgepodge of ad hoc determinations by the EEOC"); *Ogunsalu v. San Diego Unified Sch. Dist.*, 759 F. App'x 642, 644 (9th Cir. 2019) (citing *Mahroom*).

Moreover, the DOJ Right-to-Sue Letter, Dkt. No. 19-11, does not mention HRPI—it refers only to the University.[7]  The Revised DOJ Right-to-Sue Letter, which Thakral received on October 21, 2019, Dkt. No. 19-12, includes HRPI in the caption only because Thakral's counsel asked DOJ Analyst Ferguson to amend the DOJ Right-to-Sue Letter, and she obliged.  Dkt. No. 19-1, ¶ 16.  As such, the Revised DOJ Right-to-Sue Letter operates as a second right-to-sue letter for Thakral's claims

---

[7]Thakral contends, without any citation to legal authority, that the EEOC "should never have bifurcated his claims" because he filed an EEOC complaint against the University and HRPI. Dkt. No. 19 at 15 n.10.  But Section 2000e-5(f)(1) and the implementing regulations suggest otherwise.  *See* Section 2000e-5(f)(1); 29 C.F.R. 1601.29 (referral to DOJ); 29 C.F.R. §1601.28(d) (notices of right-to-sue "for charges against Governmental respondents"). Thakral's claims were thus not "miraculously bifurcated."  Dkt. No. 19 at 13.  Rather, the above provisions explain why the EEOC distinguished between two separate EEOC charge numbers from the time Thakral filed his EEOC complaint, Dkt. Nos. 12-6, 12-7, and then sent Thakral two separate July 12, 2019 correspondences: One notifying Thakral of his right to sue HRPI "*(Issued On Request)*," Dkt. No. 19-9, and the other notifying Thakral that his claims against the University were being referred to the DOJ, Dkt. No. 19-10.  29 C.F.R. 1601.28(d).  As a result, the DOJ Right-to-Sue Letter, Dkt. No. 19-11, dictates only the limitations period for Thakral's ADA claims against the University.  To the extent Thakral contends that the charges against HRPI and the University should be treated the same for purposes of the limitations period because of the parties' briefing during the EEOC investigation, Dkt. No. 19 at 13; *see supra* note 2, that does not change the fact that the DOJ alone had the authority to issue any right-to-sue notice pertaining to the University.  29 C.F.R. § 1601.28(d).  In any event, Thakral cannot insist that the favorable limitations period triggered by the DOJ's Right-to-Sue Letter should apply to his ADA claims against *both* the University and HRPI, while simultaneously ignoring the fact that the EEOC issued the separate HRPI Right-to-Sue Notice on an earlier date.

against HRPI.  Because there is no indication that the *DOJ* intended to revoke the *EEOC*'s HRPI Right-to-Sue Notice, or even had the authority to do so, the DOJ's right-to-sue letters did not extend the deadline for Thakral to file his ADA claims against HRPI.

Thakral is also not entitled to equitable tolling.  Dkt. No. 19 at 15.  Although "the 90-day filing period is a statute of limitations subject to equitable tolling in appropriate circumstances," *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1245 (9th Cir. 2010) (quoting *Valenzuela v. Kraft*, 801 F.2d 1170, 1174 (9th Cir. 1986)), "equitable tolling is applied 'only sparingly.'"  *Rouse v. United States Dep't of State*, 548 F.3d 871, 878 (9th Cir. 2008) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984) (refusing to toll 90-day limitations period); *Scholar*, 963 F.2d at 268 (same). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Consequently, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).  Thakral has made no such showing here.

This is not a case, for instance, where "an EEOC representative misleads the plaintiff concerning his claim." *Josephs v. Pac. Bell*, 432 F.3d 1006, 1014 (9th Cir. 2005) (citing *Rodriguez v. Airborne Express*, 265 F.3d 890, 901–02 (9th Cir. 2001)); or where the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *See Irwin*, 498 U.S. at 96 n.4 (collecting cases). The simple fact is that Thakral received the HRPI Right-to-Sue Notice from the EEOC in mid-June 2019, informing Thakral that his ADA lawsuit (against the only respondent named in that notice) "must be filed in a federal or state court WITHIN 90 DAYS of [his] receipt of th[e] notice; or [his] right to sue based on th[e] charge [would] be lost," Dkt. No. 19-9, and Thakral failed to do that. Even a "pro se [litigant]'s confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009). Likewise, "a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651–52 (2010) (internal quotation marks and citations omitted).

Thakral maintains that under the circumstances he was required to file "multiple federal lawsuits" to preserve his rights against the separate entities in this case. Dkt. No. 19 at 14. But this argument is unavailing. Thakral could have filed suit against HRPI and amended his complaint to add the University when he received the DOJ Right-to-Sue Letter on July 22, 2019. Dkt. No. 19-11. In addition, by July

22, 2019, Thakral had in his possession *both* the HRPI Right-to-Sue Notice and the DOJ Right-to-Sue Letter.  He could have filed suit against both entity defendants at that time.  Thakral offers no explanation why he did not do so.  "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Brown*, 466 U.S. at 151.  Moreover, equitable tolling is "not a cure-all for an entirely common state of affairs," *Wallace v. Kato*, 549 U.S. 384, 396 (2007), and it does "not extend to what is at best a garden variety claim of excusable neglect."  *See Irwin*, 498 U.S. at 96 (declining to apply equitable tolling where plaintiff's lawyer was absent from his office at the time that the EEOC notice was received).  Accordingly, Thakral is not entitled to equitable tolling.

Thakral's ADA lawsuit against HRPI was filed after the 90-day statute of limitations expired and is, therefore, barred.  Leave to amend would be futile because this defect cannot "possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## B.   Abstention is Inappropriate

Defendants urge the Court to stay this action under the principles of abstention announced in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), or, alternatively, *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).   Dkt. No. 12-1 at 14.  *Brillhart,* however, is

inapplicable, and a stay under *Colorado River* would constitute an unwarranted abdication of this Court's "obligation to decide" a case that falls within its jurisdiction. *See Colorado River*, 424 U.S. at 813–14.

### 1. *Brillhart*

The more "lenient abstention test" under *Brillhart* and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) is inapplicable because this suit does not "exclusively" seek declaratory relief. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017). "So long as the suit seeks more than merely declaratory relief . . . the entire action should be analyzed under the *Colorado River* framework." *Id.; see, e.g.*, *Am. Bankers Mgmt. Co. v. Heryford*, 885 F.3d 629, 633 (9th Cir. 2018); *Vasquez v. Rackauckas*, 734 F.3d 1025, 1039–40 (9th Cir. 2013); *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012); *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 976–77 (9th Cir. 2011) ("[T]he discretionary *Wilton/Brillhart* standard does not apply to actions for damages"). To determine whether a civil action "exclusively seeks declaratory relief," the question is whether "there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Seneca*, 862 F.3d at 840 (quoting *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167–68 (9th Cir. 1998)).

Here, Thakral seeks monetary, injunctive, and declaratory relief. This action

is not transformed into one seeking solely declaratory relief simply because, as Defendants contend, "the declaratory relief is foundational to other relief." Dkt. No. 20 at 13; *Vasquez*, 734 F.3d at 1040 ("Other circuits have similarly rejected the argument that a request for an injunction is "merely 'ancillary'" to a request for declaratory relief."). Thakral's non-declaratory claims are "independent because [the claims] would be viable without the declaratory claim." *Id.* (quoting *Scotts*, 688 F.3d at 1159). The mere fact that the complaint references the Declaratory Judgment Act, Dkt. No. 1, ¶ 9, does not command a different result. *Seneca*, 862 F.3d at 840– 41. Because Thakral's complaint unequivocally seeks, *inter alia*, monetary damages, this suit falls "squarely within the *Colorado River* framework." *Id.* at 841.

### 2. *Colorado River* Abstention

This case does not satisfy the "exceptional circumstances" test of *Colorado River*. When there is ongoing, "concurrent state court proceedings involving the same matter," *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002), under *Colorado River*, 424 U.S. at 813, and its progeny, *see, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983), "a federal court may stay a federal case in favor of a related state case only in exceptional circumstances." *See, e.g.*, *Scotts*, 688 F.3d at 1158. "[T]he *Colorado River* doctrine is a narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Holder*, 305 F.3d at 867 (quoting *Colorado River*, 424 U.S. at 817).

- 20 -

Thus, in contrast to Defendants' view of the *Colorado River* doctrine, *see* Dkt. No. 12-1 at 24–26, the task in this case "*is not* to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Cone Mem'l Hosp.*, 460 U.S. at 25–26 (emphasis added); *Colorado River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule.").

The lynchpin in this case is the substantial differences between Thakral's state and federal actions. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *R.R. St. & Co.*, 656 F.3d at 982 (citations and internal quotation marks omitted). "[E]xact parallelism . . . is not required," *Seneca*, 862 F.3d at 845 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)), but a "substantial doubt" is "dispositive" of whether to grant a *Colorado River* stay or dismissal. *See, e.g.*, *Holder*, 305 F.3d at 868, 870; *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033–34 (9th Cir. 2005); *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993). As the Supreme Court has explained:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for *the complete and prompt resolution* of the issues between the parties. *If there is any substantial doubt as to this,* it would be a serious abuse of discretion to grant the stay or dismissal at all. Thus, the decision to invoke *Colorado River* necessarily

> contemplates that the federal court will have nothing further to do in
> resolving any substantive part of the case, whether it stays or dismisses.

*Cone Mem'l Hosp.*, 460 U.S. at 28 (internal citation omitted; emphasis added);

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) ("[A]

district court may enter [a *Colorado River*] order only if it has full confidence that

the parallel state proceeding will 'be an adequate vehicle for the complete and

prompt resolution of the issues between the parties.'" (citation omitted)).

Here, the state proceeding will not provide Thakral relief on his ADA claims,

much less entitle him to attorneys' fees in the event that he prevails.[8]  Thakral's state

court action asserts procedural due process violations under the Hawaii Constitution

and a breach-of-contract claim based on alleged flaws in the grievance hearing that

was held on January 30, 2018.  Dkt. No. 1, ¶¶ 5, 34–65.  Thakral's state court

complaint does not even mention the ADA.  In this lawsuit, however, Thakral only

asserts ADA claims.  Defendants' argument that this action involves "important due

process issues under the Hawaii [C]onstitution" is simply untrue.  Dkt. No. 12-1 at

24.  Moreover, there is no guarantee that the state court will necessarily decide the

issues of disability or reasonable accommodation, or that the determinations will

have collateral estoppel effect in federal court.  These issues do not appear necessary

to resolving the claims before the state court.  It is for these reasons that the mere

---

[8]*See, e.g.*, 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12117(a); 42 U.S. § 12133 (incorporating
remedies in 29 U.S.C. § 794a).

"pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  As there are no "concurrent state proceedings" that "will resolve" Thakral's claims here, *Holder*, 305 F.3d at 867–68, the Court is left with "substantial doubt" that the state court action will result in the "complete and prompt resolution of the issues between the parties." *Cone Mem'l Hosp.*, 460 U.S. at 28; *Intel Corp.*, 12 F.3d at 913.

Although it is "dispositive" that Thakral's state court action will not resolve all of the issues in this lawsuit, the other *Colorado River* factors likewise weigh against a stay in this case. *Holder*, 305 F.3d at 870.  The Ninth Circuit considers the following:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co.*, 656 F.3d at 978–79.  This is not a "mechanical checklist." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017) (quoting *Cone Mem'l Hosp.*, 460 U.S. at 16).  The balance, however, is "heavily weighted in favor of the exercise of jurisdiction," *Cone Mem'l Hosp.*, 460 U.S. at 16, and there is "a strong presumption against federal abstention." *Seneca*, 862 F.3d at 842.  "Any

- 23 -

doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Id.* (citation omitted).

Factor (1) is not relevant, despite Defendants' novel contention that Thakral's employment interest is "property," Dkt. No. 12-1 at 24, because this "dispute does not involve a specific piece of property." *See, e.g., R.R. St. & Co.*, 656 F.3d at 979; *Seneca*, 862 F.3d at 842 (explaining that this factor is concerned with "inconsistent dispositions of a single res"). Factor (2), as Defendants concede, is also irrelevant because "both the federal and state forums are located in [Hawaii]." *R.R. St. & Co.*, 656 F.3d at 979; Dkt. No. 12-1 at 24.

Factor (3) does not counsel in favor of a stay because this case does not "raise a special concern about piecemeal litigation," which can *only* be avoided "by staying or dismissing" this action. *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (citation omitted); *Colo. River*, 424 U.S. 819–20 ("The clear federal policy evinced by [the McCarran Amendment] is the avoidance of piecemeal adjudication of water rights in a river system."); *see also R.R. St. & Co.*, 656 F.3d at 979 ("The mere possibility of piecemeal litigation does not constitute an exceptional circumstance."); *United States v. Moros*, 268 F.3d 695, 706–07 (9th Cir. 2001).

Factor (4) appears to weigh in favor of a stay. Although the rule is not "first-to-file," more progress has been made in the state proceedings. *R.R. St. & Co.*, 656 F.3d at 980.

Factor (5) (the "rule of decision") weighs heavily against a stay because this case *only* involves claims based on federal law.   *Cone Mem'l Hosp.*, 460 U.S. at 26 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender."); *Intel Corp.*, 12 F.3d at 913 n.7.   Factor (6) ("adequacy" of the state forum) likewise weighs against a stay because, as discussed above, the state court will not likely decide the key issues in this case and apply federal law in doing so, especially when federal claims are not before the state court. *Holder*, F.3d at 871.   Factor (7) does not counsel against exercising jurisdiction because it "does not constitute forum shopping where a party acted within his rights in filing a suit in the forum of his choice, even where the chronology of events suggests that both parties took a somewhat opportunistic approach to the litigation." *Seneca*, 862 F.3d at 846 (internal citations and quotation marks omitted); *R.R. St. & Co.*, 656 F.3d at 982 (observing that a court should be "cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court").[9]   That leaves only factor (8), which the Court has already concluded precludes a stay.

In sum, with only one of the *Colorado River* factors favoring a stay, there is nothing "exceptional" here to outweigh the "strong presumption against federal

---

[9]Of course, as Defendants note more than once, Thakral could have amended his state court complaint to add his ADA claims. Dkt. No. 12-1 at 25–26.  But the fact remains that Thakral was not required to do so.

abstention." *Seneca*, 862 F.3d at 842, 847.  Therefore, consistent with this Court's "virtually unflagging obligation . . . to exercise [its] jurisdiction," this case shall proceed.  *Colorado River*, 424 U.S. at 817; *Vasquez*, 734 F.3d at 1041; *Heryford*, 885 F.3d at 633.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, Dkt. No. 12, is GRANTED IN PART AND DENIED IN PART.  All claims against Defendant Hawaii Residency Programs, Inc., are DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.  Plaintiff's remaining claims shall proceed.

IT IS SO ORDERED.

DATED: March 9, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Gaurav Thakral, M.D., v. Hawaii Residency Programs, Inc., et al.*; Civil No. 19-00563-DKW-RT; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**