**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

CHRISTOPHER S. YEH             6777-0
RONALD TANG                    11034-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawai`i 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700
Email:  cyeh@marrjones.com

Attorneys for Defendants
HAWAI`I RESIDENCY PROGRAMS, INC.,
DAVID LASSNER, and UNIVERSITY OF HAWAI`I

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GAURAV THAKRAL, M.D.,<br><br>              Plaintiff,<br><br>   vs.<br><br>HAWAI`I RESIDENCY<br>PROGRAMS, INC.; DAVID<br>LASSNER, in his official capacity as<br>President of UNIVERSITY OF<br>HAWAI`I; and UNIVERSITY OF<br>HAWAI`I,<br><br>              Defendants. | CIVIL NO. 19-00563 DKW-RT<br><br>DEFENDANTS UNIVERSITY OF<br>HAWAI`I AND DAVID LASSNER'S<br>ANSWER TO COMPLAINT [DOC 1]<br>FILED OCTOBER 18, 2019<br><br><br><br><br><br>Trial<br>Date:  September 13, 2021<br>Judge:  Honorable Rom A. Trader |

**DEFENDANTS UNIVERSITY OF HAWAIʻI AND DAVID LASSNER'S
ANSWER TO COMPLAINT [DOC 1] FILED OCTOBER 18, 2019**

Defendants UNIVERSITY OF HAWAIʻI ("UH") and DAVID
LASSNER ("Lassner") (collectively "Defendants") hereby answer and
affirmatively defend the Complaint filed by Plaintiff Gaurav Thakral, M.D.
("Plaintiff") on October 18, 2019 ("Complaint"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

1.  In answer to paragraph 1 of the Complaint, Defendants aver
that the allegations contained therein are legal conclusions to which no response is
necessary.  To the extent that a response is required, Defendants deny the
allegations and leave Plaintiff to his proof.

2.  In answer to paragraph 2 of the Complaint, Defendants aver
that the allegations contained therein are legal conclusions to which no response is
necessary.  To the extent that a response is required, Defendants deny the
allegations and leave Plaintiff to his proof.

3.  In answer to paragraph 3 of the Complaint, Defendants deny the
allegations contained in paragraph 3.

4.  In answer to paragraph 4 of the Complaint, Defendants deny the
allegations contained in paragraph 4.

5.      In answer to paragraph 5 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

6.      In answer to paragraph 6 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

7.      In answer to paragraph 7 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

8.      In answer to paragraph 8 of the Complaint, Defendants admit the allegations contained in paragraph 8 but deny that Plaintiff's claims are valid.

9.      In answer to paragraph 9 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

10.      In answer to paragraph 10 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or

falsity as to Plaintiff's residency and on that basis, Defendants deny the allegations contained in the first sentence of paragraph 10. Defendants deny the remaining allegations contained in paragraph 10.

11. In answer to paragraph 11 of the Complaint, Defendants state that upon information and belief, Hawaii Residency Programs, Inc. ("HRP") is a domestic nonprofit corporation with its principal place of business in Honolulu, Hawaii. Defendants deny the remaining allegations contained in paragraph 11.

12. In answer to paragraph 12 of the Complaint, Defendants state that UH is an institution of higher learning in the State of Hawaii, that University of Hawaii at Manoa is a campus of UH, that JABSOM is a unit within University of Hawaii at Manoa, and that the Hawaii State Constitution, article X, section 5 speaks for itself.

13. In answer to paragraph 13 of the Complaint, Defendants admit the allegations contained in paragraph 13.

14. In answer to paragraph 14 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

15. In answer to paragraph 15 of the Complaint, Defendants state that upon information and belief, HRP employed Plaintiff as a second-year medical

resident in accordance with an April 2016 agreement between Plaintiff and HRP ("Agreement") and regarding the UH John A. Burns School of Medicine ("JABSOM") Pathology Residency Training Program ("Program"). Defendants further state that the Agreement speaks for itself and denies the remaining allegations contained in paragraph 15 of the Complaint.

16. In answer to paragraph 16 of the Complaint, Defendants deny the allegations contained in paragraph 16.

17. In answer to paragraph 17 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

18. In answer to paragraph 18 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

19. In answer to paragraph 19 of the Complaint, Defendants deny the allegations contained in paragraph 19.

20. In answer to paragraph 20 of the Complaint, Defendants deny the allegations contained in paragraph 20.

21.     In answer to paragraph 21 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

22.     In answer to paragraph 22 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

23.     In answer to paragraph 23 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 and on that basis, Defendants deny those allegations.

24.     In answer to paragraph 24 of the Complaint, Defendants deny the allegations contained in paragraph 24.

25.     In answer to paragraph 25 of the Complaint, Defendants state that the DOJ letter speaks for itself.

26.     In answer to paragraph 26 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and on that basis, Defendants deny those allegations.

27.     In answer to paragraph 27 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 and on that basis, Defendants deny those allegations.

28.     In answer to paragraph 28 of the Complaint, Defendants deny the allegations contained in paragraph 28.

29.     In answer to paragraph 29 of the Complaint, Defendants state that Plaintiff's Electronic Residency Application Service application speaks for itself.

30.     In answer to paragraph 30 of the Complaint, Defendants admit that on or around September 17, 2014, Dr. David M. Shimizu, M.D. ("Dr. Shimizu") wrote a letter of recommendation with regard to Plaintiff's residency application.  Dr. Shimizu was both Program Director of the Program as well as Medical Director of The Queen's Medical Center ("QMC") Pathology Department. Defendants deny the remaining allegations in paragraph 30.

31.     In answer to paragraph 31 of the Complaint, Defendants state that QMC was and remains as a participating site for the training of medical residents in a JABSOM Graduate Medical Education program.

32.     In answer to paragraph 32 of the Complaint, Defendants state that Dr. Shimizu had some interactions with Plaintiff during Plaintiff's research

fellowship and by the time Dr. Shimizu wrote the letter of recommendation. Defendants deny the remaining allegations contained in paragraph 32.

33.     In answer to paragraph 33 of the Complaint, Defendants admit that Plaintiff executed a 2015-2016 Agreement for Appointment to Residency Training ("2015-2016 Agreement") with HRP and joined the Program as a first-year medical resident.  As to the remaining allegations, Defendants state that the 2015-2016 Agreement speaks for itself.

34.     In answer to paragraph 34 of the Complaint, Defendants admit that in Spring 2016 Plaintiff executed another Agreement for Appointment to Residency Training ("Agreement") with HRP and entered his second year of medical residency in the Program.  As to the remaining allegations, Defendants state that the Agreement speaks for itself.

35.     In answer to paragraph 35 of the Complaint, Defendants state that the Agreement speaks for itself.

36.     In answer to paragraph 36 of the Complaint, Defendants state that the Accreditation Council for Graduate Medical Education (ACGME) Institutional Requirements speaks for itself.

37.     In answer to paragraph 37 of the Complaint, Defendants state that UH JABSOM's "Statement of Institutional Commitment to Graduate Medical Education" speaks for itself.

38.     In answer to paragraph 38 of the Complaint, Defendants state that the Agreement speaks for itself.

39.     In answer to paragraph 39 of the Complaint, Defendants admit that UH's responsibilities as a Sponsoring Institution are addressed in ACGME requirements, which speak for themselves.

40.     In answer to paragraph 40 of the Complaint, Defendants admit that UH had sole authority and responsibility for all academic decisions regarding medical residents enrolled in its GME programs, including whether a resident academically qualifies for appointment to the next level.  Defendants state that ACGME requirements, which address UH's responsibilities as a Sponsoring Institution, speak for themselves.

41.     In answer to paragraph 41 of the Complaint, Defendants deny the allegations contained in paragraph 41.

42.     In answer to paragraph 42 of the Complaint, Defendants state that the Program Director retains discretion and final decision-making authority as to residents' academic status/matters, including as to academic sanctions, credit, and satisfactory academic completion of Program and requirements.

43.     In answer to paragraph 43 of the Complaint, Defendants deny the allegations contained in paragraph 43.

44.     In answer to paragraph 44 of the Complaint, Defendants admit the allegations contained in paragraph 44.

45.     In answer to paragraph 45 of the Complaint, Defendants admit that, upon information and belief, HRP acts as the employer of, and has a contract with, residents enrolled in JABSOM's medical residency programs, and the HRP contract is necessary in order for an individual to become a JABSOM resident.

46.     In answer to paragraph 46 of the Complaint, Defendants deny the allegations contained in paragraph 46.

47.     In answer to paragraph 47 of the Complaint, Defendants admit that the Dean of JABSOM, currently Jerris R Hedges, M.D., serves as a member of HRP's Board of Directors.

48.     In answer to paragraph 48 of the Complaint, Defendants admit that Dr. Lee Buenconsejo-Lum, currently the DIO, currently serves as a member of HRP's Board of Directors.

49.     In answer to paragraph 49 of the Complaint, Defendants deny the allegations contained in paragraph 49.

50.     In answer to paragraph 50 of the Complaint, Defendants admit that UH is an equal opportunity/affirmative action institution and is committed to a policy of nondiscrimination on the basis of disability.  Defendants further admit that UH is committed to a policy of equal opportunity for otherwise qualified

persons with disabilities, in compliance with the Americans with Disabilities Act (ADA), including: admission and access to, and participation, treatment and employment in, the University's programs and activities.

51. In answer to paragraph 51 of the Complaint, Defendants state that the ACGME Institutional Requirements speaks for itself.

52. In answer to paragraph 52 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in paragraph 52 and on that basis, Defendants deny those allegations.

53. In answer to paragraph 53 of the Complaint, Defendants admit that Plaintiff had performance difficulties during his first year of the Program. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 53 and on that basis, Defendants deny those remaining allegations.

54. In answer to paragraph 54 of the Complaint, Defendants admit that on July 8, 2016, an email on behalf of Dr. Amy A. Powers, M.D. ("Dr. Powers"), Program Director at the time, and Dr. Shimizu, Associate Program Director at the time, was sent to Plaintiff, and the email speaks for itself.

55. In answer to paragraph 55 of the Complaint, Defendants state that, as to the contents of the email, the e-mail speaks for itself. Defendants are

without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 55 and on that basis, Defendants deny those remaining allegations.

56.     In answer to paragraph 56 of the Complaint, Defendants state that Dr. Powers' October 24, 2016 Memorandum speaks for itself.

57.     In answer to paragraph 57 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 and on that basis, Defendants deny those allegations.

58.     In answer to paragraph 58 of the Complaint, Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the basis upon which Dr. Karen A. Tyson, Psy. D. ("Dr. Tyson") wrote her report or amended report and on this basis, Defendants deny those allegations.  Defendants further state that Dr. Tyson's report and amended report speak for themselves.

59.     In answer to paragraph 59 of the Complaint, Defendants state that Dr. Powers' February 2, 2017 Memorandum speaks for itself.

60.     In answer to paragraph 60 of the Complaint, Defendants state that Dr. Powers' March 17, 2017 Notice of Prospective Dismissal speaks for itself.

Defendants admit that Plaintiff thereafter delivered an undated letter relating to his grievance, which letter speaks for itself.

61.     In answer to paragraph 61 of the Complaint, Defendants state that Dr. Powers' March 17, 2017 Notice of Prospective Dismissal speaks for itself.

62.     In answer to paragraph 62 of the Complaint, Defendants admit that Plaintiff and Dr. Powers spoke on multiple occasions about Plaintiff's academic performance issues prior to Dr. Powers' February 2, 2017 Memorandum. Defendants deny the remaining allegations contained in paragraph 62.

63.     In answer to paragraph 63 of the Complaint, Defendants deny the allegations contained in paragraph 63.

64.     In answer to paragraph 64 of the Complaint, Defendants state that Plaintiff's undated letter to Dr. Powers and the Grievance Committee speaks for itself.

65.     In answer to paragraph 65 of the Complaint, Defendants state that Plaintiff's undated letter to Dr. Powers and the Grievance Committee and its enclosures speak for themselves.

66.     In answer to paragraph 66 of the Complaint, Defendants state that Dr. Tyson's report and Dr. Szuster's March 28, 2017 letter ("Szuster Letter") speak for themselves.

67.     In answer to paragraph 67 of the Complaint, Defendants state that the Szuster Letter speaks for itself.

68.     In answer to paragraph 68 of the Complaint, Defendants state that Dr. Tyson's report speaks for itself.

69.     In answer to paragraph 69 of the Complaint, Defendants state that Dr. Powers' April 24, 2017 letter to Plaintiff speaks for itself.

70.     In answer to paragraph 70 of the Complaint, Defendants state that Dr. Powers' April 24, 2017 letter to Plaintiff speaks for itself.

71.     In answer to paragraph 71 of the Complaint, Defendants state that Dr. Tyson's June 1, 2017 memorandum speaks for itself.

72.     In answer to paragraph 72 of the Complaint, Defendants state that Dr. Powers' July 14, 2017 letter to Plaintiff speaks for itself.

73.     In answer to paragraph 73 of the Complaint, Defendants state that Dr. Tyson's August 5, 2017 letter to Dr. Powers speaks for itself.

74.     In answer to paragraph 74 of the Complaint, Defendants admit that Dr. Powers issued a notice to Plaintiff, dated November 21, 2017, with the subject heading: "Follow-up on Notice of Prospective Dismissal" ("Second Notice"), and that Plaintiff asserted a grievance for the independent and alternative basis for prospective dismissal referenced in the Second Notice.

75.     In answer to paragraph 75, Defendants state that the Second Notice and the March 8, 2019 letter to Ms. Emily Mauga of the U.S. Equal Employment Opportunity Commission speak for themselves.  Defendants deny the remaining allegations in paragraph 75 including in its footnote.

76.     In answer to paragraph 76, Defendants state that the Second Notice speaks for itself.

77.     In answer to paragraph 77 of the Complaint, Defendants state that Plaintiff's correspondences as to his position on his failure to disclose information speak for themselves.  Defendants deny any suggestion in paragraph 77 that Plaintiff had properly disclosed.

78.     In answer to paragraph 78 of the Complaint, Defendants deny the allegations in paragraph 78.

79.     In answer to paragraph 79 of the Complaint, Defendants state that the Second Notice speaks for itself.

80.     In answer to paragraph 80 of the Complaint, Defendants deny the allegations in paragraph 80.

81.     In answer to paragraph 81 of the Complaint, Defendants deny the allegations in paragraph 81.

82.     In answer to paragraph 82 of the Complaint, Defendants admit that, subsequent to the January 30, 2018 grievance hearing, Plaintiff was dismissed from the Program.  Defendants deny the remaining allegations in paragraph 82.

83.     In answer to paragraph 83 of the Complaint, Defendants state that, following the earlier notices regarding prospective dismissal, the February 1, 2018 letter from Dr. Powers notified Plaintiff of his dismissal.

84.     In answer to paragraph 84 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

85.     In answer to paragraph 85 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

86.     In answer to paragraph 86 of the Complaint, Defendants deny the allegations in paragraph 86.

87.     In answer to paragraph 87 of the Complaint, Defendants deny the allegations in paragraph 87.

88.     In answer to paragraph 88 of the Complaint, Defendants deny the allegations in paragraph 88.

89.     In answer to paragraph 89 of the Complaint, Defendants deny the allegations in paragraph 89.

90.     In answer to paragraph 90 of the Complaint, Defendants deny the allegations in paragraph 90.

91.     In answer to paragraph 91 of the Complaint, Defendants re-allege and hereby incorporate their answers to paragraphs 1-90 as set forth above.

92.     In answer to paragraph 92 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

93.     In answer to paragraph 93 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

94.     In answer to paragraph 94 of the Complaint, Defendants deny the allegations in paragraph 94.

95.     In answer to paragraph 95 of the Complaint, Defendants deny the allegations in paragraph 95.

96.     In answer to paragraph 96 of the Complaint, Defendants state that, upon information and belief, Plaintiff's employment with HRP, along with its

associated wages and benefits, was terminated. Defendants deny the remaining allegations in paragraph 96.

97.    In answer to paragraph 97 of the Complaint, Defendants deny the allegations in paragraph 97.

98.    In answer to paragraph 98 of the Complaint, Defendants deny the allegations in paragraph 98.

99.    In answer to paragraph 99 of the Complaint, Defendants deny the allegations in paragraph 99.

100.    In answer to paragraph 100 of the Complaint, Defendants re-allege and hereby incorporate their answers to paragraphs 1-99 as set forth above.

101.    In answer to paragraph 101 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

102.    In answer to paragraph 102 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary. To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

103.    In answer to paragraph 103 of the Complaint, Defendants admit that UH dismissed Plaintiff from the Program, which precluded him from further

participating in the Program or continuing his medical residency in the Program. Defendants deny the remaining allegations in paragraph 103.

104.    In answer to paragraph 104 of the Complaint, Defendants deny the allegations in paragraph 104.

105.    In answer to paragraph 105 of the Complaint, Defendants deny the allegations in paragraph 105.

106.    In answer to paragraph 106 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

107.    In answer to paragraph 107 of the Complaint, Defendants deny the allegations in paragraph 107.

108.    In answer to paragraph 108 of the Complaint, Defendants re-allege and hereby incorporate their answers to paragraphs 1-107 as set forth above.

109.    In answer to paragraph 109 of the Complaint, Defendants aver that the allegations contained therein are legal conclusions to which no response is necessary.  To the extent that a response is required, Defendants deny the allegations and leave Plaintiff to his proof.

110.    In answer to paragraph 110 of the Complaint, Defendants deny the allegations in paragraph 110.

111. In answer to paragraph 111 of the Complaint, Defendants deny the allegations in paragraph 111.

112. In answer to paragraph 112 of the Complaint, Defendants deny the allegations in paragraph 112.

113. In answer to paragraph 113 of the Complaint, Defendants deny the allegations in paragraph 113.

114. In answer to paragraph 114 of the Complaint, Defendants deny the allegations in paragraph 114.

115. Defendants deny all allegations in the Complaint not otherwise expressly and unequivocally admitted elsewhere in this Answer.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

## FOURTH DEFENSE

Plaintiff's claims are barred by his failure to exhaust his administrative and/or internal and/or contractual remedies and/or any other condition precedent to the maintenance of this action.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations including but not limited to right-to-sue periods.

## SIXTH DEFENSE

Plaintiff's injuries, if any, were caused by persons or entities other than Defendants.

## SEVENTH DEFENSE

The Complaint should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties, including but not limited to HRP (a former defendant to this lawsuit, who was dismissed and who is necessary to provide Plaintiff's employment connected with residency training) and Hawaii Medical Board (the state licensing agency which independently reviews an applicant's qualifications and issues a medical training license that is necessary for residency training).

## EIGHTH DEFENSE

Plaintiff is barred from maintaining this action by the defenses of waiver, consent, release, estoppel, laches, unclean hands, and/or other equitable doctrines.

## NINTH DEFENSE

Plaintiff's claims are barred by his own conduct and/or bad faith.

## TENTH DEFENSE

Defendants assert any and all applicable defenses relating to sovereign immunity and/or under State law, including but not limited to Chapter 661 and 662

of the Hawaii Revised Statutes, sovereign immunity from punitive damages and prejudgment interest under section 662-2 of Hawaii Revised Statutes, liability for damages under section 663-10.5 of Hawaii Revised Statutes, and section 304A-108 of Hawaii Revised Statutes.

## ELEVENTH DEFENSE

Without admitting that they are or can be liable for damages, and assuming arguendo Plaintiff is able to establish entitlement to damages, Defendants allege that Plaintiff's relief would be limited by after-acquired evidence of his misconduct.

## TWELFTH DEFENSE

Without admitting that they are or can be liable for damages, and assuming arguendo Plaintiff is able to establish entitlement to damages, Defendants allege Plaintiff's damages, if any, are wholly or primarily the result of his own negligence and/or misconduct, or that of Plaintiff's agents and/or third-parties, and not the result of any act or omission by Defendants, and/or are subject to the doctrine of avoidable consequences.

## THIRTEENTH DEFENSE

Without admitting that they are or can be liable for damages, and assuming arguendo Plaintiff is able to establish entitlement to damages, Plaintiff's

injuries, if any, and if legally attributable to any act or omission of Defendants, are apportionable against pre-existing illness or injury.

## FOURTEENTH DEFENSE

Without admitting that they are or can be liable for damages, and assuming arguendo Plaintiff is able to establish entitlement to damages, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's failure to exercise reasonable diligence to mitigate his damages, if any damages in fact were suffered, and/or by any set-off or credit.

## FIFTEENTH DEFENSE

Any actions taken with respect to Plaintiff were reasonable, justified, privileged, in good faith, within the proper exercise of academic discretion, for legitimate, substantial, and non-discriminatory/non-retaliatory reasons, and pursuant to applicable rules, regulations and practices, and believed to be in accordance with the laws of the United States and the State of Hawaii.

## SIXTEENTH DEFENSE

Plaintiff was not/is not a qualified person with a disability within the meaning of the applicable law.

## SEVENTEENTH DEFENSE

Plaintiff did not/does not have a disability within the meaning of the applicable law.

## EIGHTEENTH DEFENSE

Dismissal would have occurred even in the absence of any alleged disability.

## NINETEENTH DEFENSE

Plaintiff's requested accommodations were/are unreasonable and/or would impose an undue burden/hardship and/or fundamental alteration.

## TWENTIETH DEFENSE

Any injuries claimed by Plaintiff were due to pre-existing conditions.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the direct threat doctrine.

## TWENTY-SECOND DEFENSE

This action should be stayed under the abstention doctrine recognized in *Brillhart v. Excess Insurance Company of America,* and its progeny, on account of Plaintiff's state court action, which he is concurrently litigating.

## TWENTY-THIRD DEFENSE

This action should be dismissed or stayed under the doctrine recognized in *Colorado River Conservation District v. United States,* 424 U.S. 800 (1976) and its progeny, on account of Plaintiff's state court action, which he is concurrently litigating.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim and prayer for punitive damages are unconstitutional because they violate the due process clause of the Fourteenth Amendment of the United States Constitution and/or of Article I, Section 5 of the Constitution of the State of Hawaii.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by res judicata, collateral estoppel, claim preclusion, issue preclusion and/or law of the case.

## TWENTY-SIXTH DEFENSE

To the extent that they apply and exist, Defendants intend to rely upon any and all statutory, regulatory, and/or common law privileges and immunities available to it as a defense against Plaintiff's claims.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by mootness, lack of standing, and/or lack of a private right of action.

Defendants reserve the right to assert additional affirmative defenses as they may become apparent as the result of discovery.

WHEREFORE, Defendants pray that this Court enter an Order:

(1) dismissing the Complaint with prejudice, and Plaintiff takes nothing;

(2)     awarding Defendants reasonable attorneys' fees and costs;

(3)     entering judgment in favor of Defendants and against Plaintiff;

and

(4)     granting such other relief to Defendants as the Court deems just

and equitable.

DATED:     Honolulu, Hawaii, January 15, 2021.

*/s/ Christopher S. Yeh*
CHRISTOPHER S. YEH
RONALD TANG

Attorneys for Defendants
HAWAIʻI RESIDENCY
PROGRAMS, INC., DAVID
LASSNER, and UNIVERSITY OF
HAWAIʻI
